## WIEST *against* CRITSINGER.

THIS case arose on a *certiorari*, and was submitted to the court without argument.

The *return* of the justice stated, that *Wiest* the defendant below, was summoned to appear before him at the house of *Griffin Ransam*, to answer to the plaintiff below, (*Critsinger*). That on the day appointed to appear, the justice could *not attend*, and sent a note, *but without signing it*, to the house of *Ransam*; adjourning the court to the 7th of *November* following. On the day of the return of the summons, the parties appeared at *Ransam's* house, and remained some time, and the justice not appearing, they went away. On the 7th of *November*, the justice and *Critsinger* attended at *Ransam's*, but the defendant did not appear; and the justice proceeded to hear the proof on the part of the plaintiff, and gave judgment in his favour. ment was irregular, and the defendant not bound to attend further; and that the subsequent proceedings by the justice were null and void.

ALBANY,
February, 1809.

Wiest
v.
Critsinger.

Where the defendant was summoned to appear before the justice on a certain day, at a certain place, and the parties appeared, but the justice did not attend, and sent a written note, adjourning the cause to a further day; on which day he attended with the plaintiff, and the defendant not appearing, the cause was heard on the part of the plaintiff, and judgment given in his favour, it was held, that the adjourn-

**ALBANY,**
**February, 1809.**

Reid
v.
Lord.

*Per curiam.* An adjournment made by the justice, while absent from the place where the court was appointed to be held, and in the absence of the parties, and by a note in writing without his signature, was clearly not an adjournment of which the parties were bound to take notice.

The cause was, consequently, discontinued and out of court. The subsequent proceeding was null, and the judgment must be reversed.

Judgment reversed.