STODDARD and GEEGE *against* HOLMES.

ON certiorari to a Justice's Court. In trespass *de bonis asportatis*, in the Court below, by *Holmes* against *Stoddard & Geege*, the defendants severed in their pleas; *G.* pleading the general issue, and *S.* the general issue and a justification under an execution, which he had issued as a Justice against the goods and chattels of the plaintiff. The cause being adjourned to the 26*th August*, 1822, the Justice was absent on this day, and *H.* and *S.* in *G's* absence, agreed that the cause should be tried on the 3*d Sept.* before the Justice, which was done accordingly, *G.* being absent: and a verdict and judgment was rendered for the plaintiff against both defendants. On the day of trial, the Justice waited several hours; then called the cause, and one *Young* appeared for *G.* And on the trial, certain declarations of *G.* were given in evidence against *S.* though he objected to them.

*L. Billings*, for the plaintiff in error.

*C. Baker*, contra.

*Curia.* By the adjournment of the cause to the 26*th August*, and the non-attendance of the Justice that day, the cause was discontinued. (*West* v. *Critsinger*, 4 *John.* 117.) The consent of the *plaintiff* and *Stoddard*, afterwards, gave the Justice jurisdiction as to them. But the defendant, *Geege*, did not appear,(*a*) nor give his assent to the proceedings. The Justice erred also in admitting the declarations of *Geege*, who was strictly not a party to the cause, although judgment was rendered against him.

Judgment reversed.

Where the justice is absent at the adjourned day, the cause is discontinued. But the parties may confer jurisdiction, by consent, and appearing, and going to trial, on another day.

Yet, in trespass, such consent of one defendant will not give jurisdiction as to the other.

And on a trial by consent, under these circumstances, the declarations of the defendant, who was not a party to the arrangement, are not admissible, as evidence against the other.

The voluntary appearance of A for B, a defendant, without process, there being no proof of his authority so to appear, is void.

So where the cause has been discontinued.

(*a*) Vid. *Hubbard* v. *Spencer*, (15 *John.* 244,) where the judgment was holden void, as against the defendant, for want of authority in *Sherrill*, who appeared as attorney, and confessed judgment.