## COOK *vs.* FERRAL'S ADMINISTRATORS.

Where a party contracts to sell a quantity of produce, and to deliver it at the purchaser's house within a few days: to entitle the purchaser to sustain an action for the non-delivery, he is bound to prove a *demand before suit brought;* and at all events, must show a readiness and willingness to receive and pay for the article at the place appointed.

On a *certiorari,* brought for the reversal of a justice's judgment, the defendant below may object in the common pleas to the above defects in the proof, although he did not point out the same, or move for a nonsuit in the justice's court.

An *order for goods,* in the hands of the drawee, is *prima facie* evidence of the delivery of the goods to the payee.

Evidence in support of a *plea in abatement* is inadmissible in a justice's court when the defendant has pleaded in bar.

Whether the substitution of the representatives of a plaintiff in a *certiorari* is within the equity of the statute authorizing such substitution in cases of *writs of error—quere.* But, at all events, a party who has consented to such substitution, cannot assign it for error.

ERROR from the Onondaga common pleas. Cook sued Thomas Ferral in a justice's court. The plaintiff "declared on a book account, and also on a contract for 100 bushels of oats, which defendant failed to deliver according to agreement." The defendant pleaded orally the general issue and a set-off, and also, "a *former suit in abatement.*" The plaintiff proved that about a year before the trial, he agreed with the defendant for one hundred bushels of oats, to be delivered in a few days at the plaintiff's house: the price agreed on was *two shillings* per bushel. He further proved that the defendant did not deliver the oats. Soon after the agreement, oats were worth from two shillings and sixpence to three shillings and sixpence per bushel. The plaintiff also proved an order drawn on him by the defendant, requesting the plaintiff to let the bearer thereof have $2,$\frac{25}{100}$ in trade, and that he would pay in 14 days. The admission of the order in evidence was objected to, for that the plaintiff was the agent of Platt and Shepard, and that the order was paid out of their store. The justice overruled the objection, on the ground that the order was directed to the plaintiff and in his possession,

and received it in evidence without proof that it was paid. The defendant offered to prove the former suit in abatement. The plaintiff objected that the defendant could not avail himself of a plea in abatement, after having pleaded the general issue and set-off. The justice sustained the objection, and rendered judgment in favor of the plaintiff for $14,75. The *defendant* Ferral sued out a *certiorari*, removing the cause into the common pleas of Onondaga. In the record, a suggestion was made, that after the *service* of the *certiorari*, the defendant Ferral died, and that J. Halstead and M. Ferral were duly appointed *administrators* of his goods, &c.; and then followed a prayer that they be substituted as plaintiffs in the prosecution of the writ of certiorari, and an order of the court granting the same. After which the administrators are alleged to have appeared as parties in the prosecution of the suit. The common pleas *reversed* the justice's judgment, and awarded costs to the administrators for the prosecution of the writ of certiorari. The plaintiff below (Cook) sued out a writ of error. Accompanying the brief, submitted by the defendants in error, was a certified copy of a stipulation filed in the common pleas of Onondaga, admitting the facts suggested on the record, as to the death of Ferral after the service of the *certiorari*, and the appointment of the administrators, and agreeing that the names of the arbitrators be substituted for that of Ferral, the original defendant; a certified copy of a rule entered in pursuance of such stipulation was also produced.

*G. A. Stansbury*, for the plaintiff in error, insisted, *first*, that the suit in the common pleas *abated* by the death of Ferral, and that the common pleas had no power to substitute the administrators. Courts of common pleas have no jurisdiction as courts of error. 20 *Johns. R.* 22. The statute, under which they review justices' judgments, makes no provision for proceedings in cases of the death of parties; and the statute authorizing the substitution of parties, relied on by the administrators, applies only to *writs of error*, and not to writs of *certiorari.* 2 *R. S.* 599, § 49. 2 *Saund.* 101, *a. to y.* 1 *Salk.* 441, 263. 3 *id.* 148. 2 *R. S.* 386, § 2. *Secondly,* he in-

sisted that the plaintiff below was not bound to prove a *request* to deliver the oats, or a *readiness* to pay them ; *thirdly*, that the *order* was properly received in evidence ; and *fourthly*, that the justice correctly refused to receive evidence under the plea in abatement.

ALBANY,
Jan. 1835.

Cook
v.
Ferral's Administrators.

*H. F. Mather*, for the defendants in error.

*By the Court*, SUTHERLAND, J. I am inclined to think a demand of the oats before suit brought was necessary. The precise time of delivery was not fixed ; it was to be within a few days—terms quite vague and indefinite ; and it may reasonably be presumed, under such circumstances, that the parties contemplated a demand before suit brought. In *Bach* v. *Owen*, 5 *T. R.* 409, which was an action for not delivering a horse sold by the defendant to the plaintiff, it was held that a special request to deliver was necessary to be alleged and proved. *Com. Dig. Pleader*, C. 69. 1 *Chitty's Plead.* 324,5. 1 *Dunlap*, 262. But, at all events, the plaintiff should have proved a readiness and willingness on his part to receive and pay for the oats, on delivery at the place appointed. The legal effect of the contract was, that he should pay for the oats on delivery; and a readiness to pay was a condition precedent to his right of action against the defendant for not delivering. They were concurrent acts, and whoever sues, renders the act to be performed by him a condition precedent. 12 *Johns. R.* 209. 4 *T. R.* 761. 7 *id.* 125.

Although no specific objection to the plaintiff's recovery was made up on the trial upon these grounds, still, as the objections appear on the justice's return, and show a substantial defect in the plaintiff's evidence going to the foundation of his action, it was good ground for reversing the judgment. It was in the nature of a case. It was not necessary for the defendant to move for a nonsuit, or specifically to object that the plaintiff had not on this ground proved enough to entitle him to recover.

The justice decided correctly in relation to the order and the plea in abatement. The defendant called his plea a plea in abatement, and enough does not appear to enable us to say

that what he meant to plead was good matter in bar; if it did, we would disregard the name and consider it a plea in bar.

The representatives of the plaintiff in error, having been substituted in place of their intestate, by the consent and stipulation of the parties, regularly filed in the court of common pleas, it cannot now be assigned for error, whether it is covered by the equity of the statute in relations to writs of error in such cases or not. 2 *R. S.* 599, § 49.

Judgment affirmed.