By the Court, Bronson, J.
Although no time of payment was mentioned, the defendant was not bound to part with his property without receiving the stipulated price. (Cook v. Ferrals adm'rs, 13 Wend. 285. Morton v. Lamb, 7 T. R. 121. Rawson v. Johnson, 1 East, 203. Bull. N. P. 50. Comyn on Cont. 221, ed. ’35.) In stating that the barley was to be paid for on delivery, the pleader has given the legal effect of the contract, and we must look elsewhere for a variance.
If the construction of the first count be, that the defendant agreed to sell 900 bushels of barley, there is a fatal variance between the contract laid and that proved. But it is unnecessary to consider that question, for I think the contract is set forth according to its legal effect in the. second count. The bargain was for the sale and pur.chase of the defendant’s crop of barley, which the parties supposed would amount to about 900 bushels; but whether it turned out to be more or less, it was the crop that was sold. And so the contract is laid in the second count. The words, “ supposed to be,” which the pleader has inserted before stating the conjectural quantity, do' not alter the legal import of the contract as it is stated in the written memorandum. “ His crop of barley about 900 .bushels,” and “his crop of barley supposed to be about 900 bushels,” as here used, mean the same thing. There are more words in the count than in the memorandum, but there is no variance.
According to the memorandum, the barley was to be delivered by the first day of November’: the pleader states that it was to’ be delivered on or before that day. Here is no variance. It is said that all the barley was to be delivered on the first of November; but it is impossible to maintain that position. The parties never could have intended that the defendant should hire twenty or thirty teams so as to be able to deliver his whole crop on one *523 day, nor that the plaintiff should bé obliged to deceive all the grain in one day. The contract was made in August, and the defendant was to deliver by the first day of November, and a delivery from time to time on or befóte that day would have been within the intention of the parties. Although the pleader has not got the very word, there is no departure from the legal effect of the contract.
The plaintiff was undoubtedly bound to prove the averment, . that he was ready and willing to accept and' pay for the barley; but it was not necessary for him to show a tender of the money, or a demand of the goods. The barley was to be delivered at Jordan where the plaintiff lived, and where he had a store to receive it; and if he was ready at the appointed time and place to perform the contract on his part, and the defendant did nothing, the plaintiff’s right of action is complete. None of the cases on which the defendant relies lay down a different doctrine. In Morton v. Lamb, (7 T. R. 121,) the plaintiff averred that he was ready to receive the corn which the defendant had agreed to deliver, but did not add that he was ready to pay for it; and for that cause, the judgment was arrested. The case goes no further than to assert the general principle, that where concurrent acts are to be done by the parties, he who sues must aver that he was ready to perform on his part The case of Porter v. Rose, (12 John. R. 209,) decides, that the ajverment of a readiness and willingness to pay, like other material averments, must be proved on the trial. Topping v. Root, (5 Comen, 404,) is to the same effect. In neither of these cases was any proof whatever given of the plaintiff’s readiness to perform on his:part. Cook v. Ferrol, (13 Wend. 285,) is much relied on, but it does not go a single step beyond the other cases. True, Sutherland, J. thought the plaintiff should have demanded the oats. But that was under special circumstances which do not exist in this case; and the decision was finally put upon the general doctrine, that a readiness to pay was a condition precedent to a right of action against the vendor.
In Rawson v. Johnson, (1 East, 203,) the plaintiffs aver *524 red a readiness and willingness to accept and pay for the malt, and 'this was held sufficient without stating a tender. Lord. Kenyon said, that under the averment as it stood, “ the plaintiffs must have proved that they were prepared' to tender and pay the money if the defendant .had been ready to have received it, and to have delivered the goods; but it cannot be necessary in order to entitle them to maintain their action, that they should have gone through the useless ceremony of laying the money down in order to take it up again. It would be repugnant to common sense to require it.” This case was followed in Waterhouse v. Skinner, (2 Bos. & Pul. 447. And see 2 Saund. 252, n, 3; Chitty on Cont. 351, ed. of 1839.) I am not aware that this doctrine has been departed from. It is founded in good sense, and ought to prevail.
Contracts for the sale and purchase of real property stand upon special grounds which' do not touch those relating to the transfer of goods and chattels.
In this case, the clerk, proved enough ¿on his direct examination to make out the averment that the plaintiff was ready and willing to receive and pay for the barley; and although on the cross-examination the readiness of the plaintiff to pay on the first day of November was brought into some doubt, I am inclined to think the evidence sufficient to carry the cause to the jury, and, consequently, that a nonsuit should not have been ordered:- It was for 'the jury to say how much credit was due to the positive declaration of the witness, that the plaintiff was '“'ready and willing to receive and pay for the barley all that fall.” But should it be conceded that the evidence already given was insufficient "to carry the cause to the jury, the witness should Have been allowed to answer the questions put to him by the plaintiff on the re-examination. They were pertinent "to the issue, and might call out answers tending to establish the only doubtful point in the plaintiff’s ease.
It seems to have been supposed that the plaintiff v/as bound to make, out his averment by direct proof, and that no other . kind of evidence was admissible. But such ' is *525 not the law. Presumptive evidence was admissible upon, this, as it is upon most other questions. Let us suppose a case, and one, too, which will include very little more than what appeared on this trial. The plaintiff lived at Jordan where the barley was to be delivered, and he had there sufficient Store room to receive it. He was present, by himself or his agents, at .the proper time and place, but the defendant did not appear. Barley had risen in value, and was worth more than the contract price; the plaintiff, both before and after the day, was purchasing barley from others, and paying more than he had agreed to give to the defendant; and he was paying out money for barley in such sums, or had in his possession or at his commatid upon the shortest notice, such sums of money as showed his ability to fulfil this contract had the defendant been ready to go on with it. Now, in such a case, it can hardly be doubted that the jury would be warranted in finding that the plaintiff was ready and willing not only to receive, but to pgiy for the defendant’s barley on delivery. It was not necessary for the "plaintiff to show that he did any particular act in relation to this contract, such as counting or exhibiting a sum of money, or "saying ' to some third person—for the defendant did not attend—“ Here I am, feady and willing tb -receive and pay for the defendant’s "crop of barley.” All ’this máy be inferred' by the jury from circumstantial of presumptive evidence tendifig to that conclusion.
I think there was no substantial variance; and if the evidence given was not sufficient to carry the cause to the jury, still the court should not have overruled the question put to the plaintiff’s clerk.
Judgment reversed.