By the Court. Sandford, J.
The appellant has made several points, which are wholly unfounded.
*230 1. The summons, it is said, did not state the cause of action, as required by the code of procedure.
2. The complaint is defective for the want of a verification.
As to both of these points, the answer is, that the code of
procedure has no application to the summons, nor to the declaration in the matter alleged as error. The last eight titles of the second part of the code, do not relate to actions in the marine court or in the justice’s courts; except so far as certain sections and provisions are made applicable in express terms, in the other titles. (See Code, § 8.) Thus by § 61, the provisions of the sections from 48 to 57 inclusive, relating to forms of action, to pleadings, &c., are made to apply to the courts, embraced in title 7th of part first, which title includes the marine and justice’s courts. And section 57 extends the provisions of the whole act, respecting the forms of actions, pleadings, the rules of evidence, and the time of commencing actions, to courts of justices of the peace, except that the pleadings may be oral, and made at the same time as if the act had not been passed.
The effect of these provisions is, that the summons in the marine and justices courts is not governed by the code at all, in its form; and the pleadings may be as before, oral, and even more liberally construed. It was always requisite in the marine court to state in the summons, “ the nature or cause of action.” (2 R. L. 384, § 113.)
The provision in the code for verifying pleadings, is incapable' of being applied to oral pleadings. It is only those subscribed by the party, that are to be verified; and the oath of a party to his verbal declaration or answer, would be idle in the extreme.
We think there was no error in the summons or proceedings in the court below ; and it is unnecessary to inquire how far the defendant waived the supposed errors, by pleading and going to trial.
On the merits, we must direct a new trial, without costs to either party, in this court.