## ROBERT HOGAN *v.* CHARLES W. BAKER.

Although, by an unauthorized adjournment in a Justice's Court, the cause will be deemed discontinued if the defendant do not appear on the day for the adjourned hearing; yet, if he do then appear and proceed to trial, the defect is cured.

Where a suit is commenced in a Justice's Court, by summons, the justice is required by law to proceed with the trial within not exceeding six days after the return of the summons. Although he may adjourn beyond that time by consent of both parties, or upon the defendant's motion, he is not authorized to grant such adjournment, when moved for by the plaintiff, without the defendant's consent, or in his absence; and if he does so, the cause is in effect discontinued, and a judgment rendered therein will be reversed.

The discretion which, as held in adjudged cases, a justice may exercise in granting or refusing adjournments, is limited to the periods within which power to direct them is given to him by law.

This court has repeatedly held, that the service and return of a summons, containing no statement of a cause of action, gives a justice no jurisdiction; but it has been uniformly held, also, that if the defendant appear and submit to the jurisdiction, by pleading to the merits, the defect is waived, and the objection cannot afterwards be urged on appeal. Though consent cannot give jurisdiction of the *subject matter*, it will give jurisdiction of the *person*.

THIS cause was commenced in the Fourth District Court by the service of a summons, made out in the ordinary form, but containing no statement of a cause of action. Both parties appeared and put in a complaint and answer, no objection being taken to the process. An adjournment was then had by consent.

On the adjourned day, the defendant did not appear. On motion of the plaintiff, who alleged the non-attendance of a material witness, the justice directed a further adjournment for ten days. At the expiration of that time, the defendant again failing to appear, the plaintiff proved his case and obtained judgment. An appeal was taken to this court.

*S. F. Clarkson*, for the appellant.

*John B. Dillon*, for the respondent.

Hogan v. Baker,

BY THE COURT. WOODRUFF, J.—We have repeatedly held that the service and return of a summons containing no statement of a cause of action, gave the justice no jurisdiction. (a) But we have at the same time uniformly held, that if the defendant appear and submit to the jurisdiction by pleading to the merits, the defect is waived, and the objection cannot afterwards be urged on appeal. Though consent cannot give jurisdiction of the *subject matter*, it will give jurisdiction of the *person*.

A similar rule in regard to the effect of appearance and proceeding to trial, is also held to apply to an unauthorized adjournment. Although by such adjournment the cause be deemed discontinued if the defendant do not appear on the day of the adjourned hearing, yet, if he appear and proceed to trial, the defect is cured. (See *Kimball* v. *Mack*, 10 Wend. 497; *Tift* v. *Cubun*, 3 Hill, 180; *Allen* v. *Edwards*, 3 Hill, 500, and cases cited; *Fanning* v. *Trowbridge*, 5 Hill, 429; *Stoddard, &c.* v. *Holmes*, 1 Cow. 245.)

That an adjournment unauthorized by the statute, amounts to a discontinuance, has been repeatedly decided by the late Supreme Court. See *Horton* v. *Auchmody*, in 7 Wend. p. 200, and the cases there referred to, among which is the case of *Proudfit* v. *Hurnman*, 8 J. R. 391, in which it was held that where a justice adjourns at the instance of the plaintiff, after a previous adjournment, such adjournment amounts to a discontinuance, and the cause is out of court.

By the terms of the statute relating to Assistant Justices' Courts in the city of New York, (sec. 87 of laws to reduce, &c., 2 R. L. 370,) the justice is required to proceed to hear, &c., the proofs, at a time not exceeding six days after the return of the summons. Although an adjournment upon the defendant's motion is in a subsequent section provided for, I find nothing to warrant an adjournment on the plaintiff's motion, when the action is commenced by summons, beyond

(a) See *Cooper* v. *Chamberlain*, 2 Code Rep. 142; and *Bray* v. *Andreas*, 1 E. D. Smith's C. P. R. 387.

six days. Title 4, c. 2, part 3, of the Revised Statutes, has no application to the Justices' Courts in the city of New York.

The discretion which justices have in granting or refusing adjournments, spoken of in the cases cited by the counsel for the respondent, (8 John. 320, and 3 Hill, 328,) is a discretion limited by the period within which they have *power* to adjourn, and not a right to adjourn for a period which the law does not allow.

By the consent of both parties, an adjournment may be had, without prejudice to the action. But in this case, by adjourning for ten days on the plaintiff's motion, after issue had been joined and an adjournment had, the cause was in effect discontinued, and the judgment herein must be reversed.

Judgment reversed.

