## SUPREME COURT.

### GARDINER AND OTHERS agt. CLARK.

The distinction between pleas in *abatement* and pleas in *bar* are not abolished by the Code (1851).
Therefore an objection in the nature of a plea in abatement can not be taken in a *general answer*, and is waived by an answer upon the merits.

*Oswego General Term, April* 1852. ALLEN, HUBBARD and PRATT, *Justices. Action upon contract by plaintiffs claiming as assignees.* The defendant in his answer set up several matters in bar, and then averred the commencement of an action by capias in 1847 by the original party in interest (the plaintiff's assignor) and that such suit was still pending. Upon the trial of the cause before Justice MONSON, at the Madison circuit, the defendant proved the pendency of the former action as alleged, and the justice directed a non suit to be entered.

HIRAM DENIO, *for Plaintiffs.*

THOMAS BARLOW, *for Defendant.*

W. F. ALLEN, Justice.—The first question to be considered is, whether matter in abatement and matters in bar can be put forth in the same answer. Prior to the enactment of the Code the order of pleading at common law was well established. The defendant could plead 1st, to the jurisdiction; 2d, in abatement; and 3d, in bar. Pleading in either class was an admission that there was no ground for pleading in the preceding classes and a waiver of the right to do so (*Gra. Pr. 2d ed.* 224). A plea in abatement could not be pleaded after a plea in bar; neither could these pleas be interposed together (1 *Mass.* 347; 1 *J. Cases*, 101; 13 *Wend.* 285; 2 *Cow.* 417). In the cases cited the rule was applied to pleadings in justices courts, where there has been great laxity and great liberality to secure substantial justice between suitors. The pendency of another suit for the same cause of action is conceded to be mere matter in abatement and not in bar (3 *Johns.* 259; 18 *id.* 257).

34

Gardiner and others agt. Clark.

Has this rule of the common law been abrogated? If not, the defendant had waived his right to insist upon an abatement of the action for the cause alleged by answering to the merits, and the learned justice erred in non suiting the plaintiff. It has been repeatedly held, and, as I think, beyond all question correctly, that all preëxisting rules of pleading, not expressly or by necessary implication abrogated by the Code, are still in force (3 *How.* 407; 4 *id.* 119, 317; 5 *id.* 216; 7 *Barb.* 81). The common law rules applicable to pleadings, and the judgments to be given thereon not inconsistent with the provisions of the Code, and in cases not expressly provided for, must still be followed. Indeed, I am not aware that it is claimed in behalf of the Code, that there is no law for the government of courts and suitors in matters of pleading and practice outside of that statute. The Code is express, and only repeals such statutory provisions as are inconsistent with it (*Code,* § 468), and it will be seen that it is equally cautious in abolishing the common law rules upon the subjects treated of. It only abolishes the *forms* of pleading theretofore existing *inconsistent* with its provisions and *modifies* the forms of pleading and the rules by which their sufficiency is to be determined to the extent prescribed by the act (§ 140). It cautiously refrains from blotting out the entire common law on the subject of pleading at large. Its provisions are expressly restricted to modifying the forms of pleadings and the rules for determining their sufficiency. The question before us relates neither to the form or sufficiency but to the order and *effect of* pleading by the defendant—a subject which the Code does not profess to regulate. The common law upon this subject is not therefore inconsistent with the Code. By § 144, the defendant is permitted to demur to the complaint for any one of six specified causes; and by § 147 it is provided that when any of the matters enumerated as causes of demurrer do not appear upon the face of the complaint, the *objection* may be taken by answer. The matters which may thus be objected by answer are either by accident or design, arranged in the precise order in which at common law the same matters may be pleaded. The first is to the jurisdiction; the three following are in abatement; the fifth answers to a demurrer in equity for multifariousness, and can not

Gardiner and others agt. Clark.

well be taken by answer, as it must necessarily appear by the complaint, if it exists; and the sixth is to the merits, and to this cause § 147 is not applicable.

The only matters which by § 147 can in practice be objected by answer are to the jurisdiction and in abatement, and these are not allowed to be taken as *defences* in the general answer of the defendant, but as *objections* by answer; that is, by setting up such matters alone in the same manner as under the former practice they would have been alleged by plea in abatement and not otherwise. By § 148 it is provided that such objections if not thus taken shall be deemed to be waived. So far from the provisions of the Code being inconsistent with the rules of the common law regulating the order of pleading they by implication prescribe the same order, and under the Code as well as at common law matters in abatement are waived by an answer upon the merits. Had it been intended to allow matters of this nature to be set up as one of several *defences* in the general answer of the defendant, they would have been mentioned in the chapter treating of the answers as " *defences,*" and would not have been mentioned as an " *objection,*" to be taken *by* answer. They would have been spoken of as " defences " and not as " objections." It may be said that the Code (§ 150) authorizes the defendant to set forth by answer as many defences as he may have. But it does not follow that " defences " and dilatory " objections " are the same. The next clause of the section shows that the legislature by defences intended such matters as go to the cause of action. A similar statutory provision has for a long time been upon our statute books (1 *R. L.* 519, § 10; 2 *R. S.* 352, § 9); and the distinction between pleas to the jurisdiction, in abatement and in bar, has nevertheless at all times been recognized, and could not be pleaded together as defences to the action. If we are at liberty to look at the results which would follow the practice adopted in this case, we can well see there would be great difficulty in administering justice so as to save the rights of parties. The Code has not made provision as to the form of the judgment to be given upon the allowance of the objections referred to, whether taken by demurrer or answer. The common law judgment must, therefore, be given in such

Gardiner and others agt. Clark.

cases, and if the objection is taken by demurrer or separate answer, no difficulty will exist. But if taken as in this case, and issue be joined upon the facts alleged in abatement as well as upon those alleged in bar, and the cause be tried by a jury who render a general verdict as they may (*Code*, § 261), against the plaintiff, it will be final although it may in truth be founded upon matters not affecting the merits.

There was no serious inconvenience in equity in allowing certain objections as for a want of parties, and of that character to be taken in the answer. The complainant by such objections had notice and an opportunity to amend his proceedings, and upon the final hearing the court could model the decree and regulate the costs so as to do entire justice and protect the rights of all. These objections were not strictly matters in abatement but rather to the further progress of the action until the other parties were brought in. All declinatory and dilatory pleas are properly pleas, if not in abatement, at least in the nature of pleas in abatement, and therefore in general the objections founded thereon must be taken *ante litem contestatione* by plea and are not available by way of answer or at the hearing (*Story Eq. Pl.* § 708, 736 *et seq.*) In admiralty it would seem that all matters whether in bar or abatement *may* find a place in the general answer of the defendant (*Conkling's Ad. Pr.* 583–4). Still this practice is not universal and a different course is recommended by Judges Ware and Story (The William Harris *Ware's R.* 367; certain logs of mahogany, 2 *Sum. Rep.* 592). In the case last cited the objection was the same as in the case at bar, to wit, the pendency of another suit substantially for the same cause of action; and of this objection Judge Story says: " It being preliminary in its character it should have been taken, if at all, by a special plea in the nature of a plea in abatement, known in the ecclesiastical and admiralty courts by the appellation of a dilatory or declinatory exception, which is always brought forward before the *contestatio litis* or general defence in bar, or general answer upon the merits." With the common law mode of trial by jury there is great reason for retaining the common law rules regulating the order and effect of pleadings; but whether reasonable or not, so long as they are not abrogated by statute,

we are bound to abide by them and give them effect. I am satisfied that the legislature have not expressly or by implication abolished the distinction between pleas in abatement and pleas in bar, and that an objection in the nature of a plea in abatement can not be taken in a general answer of the defendant and is waived by an answer upon the merits.

The judgment must be reversed and a new trial granted, costs to abide event.