Bray v. Andreas.

---

JOSEPH W. BRAY and another *v.* ADOLPHUS ANDREAS.

The summons issued out of a district or justice's court in the city of New York, must contain a statement of a cause of action.

The provision of the statute requiring this, (see Act to reduce, &c., p. 371, &c., § 87, Laws relative to the city of New York, p. 43,) has been in no manner altered nor repealed by the code of procedure.

The provision referred to forms part of a statute relating expressly to the justices' or district courts in the city of New York. The form of a summons in the marine court is prescribed in the act relating to that court, (2 R. L. 384, § 113,) in language only very slightly differing from the wording of the provision in question.

The act relating to courts of justices of the peace, in the other parts of the state, (2 R. S. p. 228, § 14,) is substantially the same in respect of the form of the summons in those courts; but that act has no application in the city of New York. (*a*)

---

(*a*) See *Jackson* v. *Whedon, ante*, p. 141.

Bray v. Andreas.

The form of a summons in the marine and district courts is not governed by the provisions of the code prescribing the form of a summons. Those provisions relate to actions in other courts.

Where the defendant, in a district court, was summoned "to answer the complaint of J. W. B. and T. H. for one hundred dollars damages, in an action upon contract;" *held*, that the requirement of the statute, with regard to the form of the summons, was satisfied.

A defect in the form of the summons in a justice's court, is waived by the defendant pleading and going to trial upon the merits.

APPEAL from the sixth district court. The parties having appeared, the plaintiff complained for work and materials, and the defendant answered by a general denial, and alleged that his contract with the plaintiff had been rescinded. The defendant then objected to the process, on the ground that the cause of action was not stated therein. This objection was overruled, and an adjournment was taken.

The summons contained the words, "to answer the complaint of Joseph W. Bray and Thomas Hetherington, in an action on contract, to their damage one hundred dollars, or under."

On the adjourned day, the *complaint* was amended by a more specific statement of the cause of action, and a new answer put in. The trial then proceeded, and the justice gave judgment for the plaintiff.

*George W. Stevens* and *Nathaniel B. Hoxie*, for the appellant.

*Abraham Underhill*, for the respondents.

BY THE COURT. WOODRUFF, J.—We can discover no sufficient reason for reconsidering the decision of this court, in *Cole* v. *Chamberlain*, and another case, decided in April, 1850. (See 2 Code Reporter, p. 142.) On the contrary, we repeat, as the statute relating to the summons to be issued by the *justices'* courts of this city is explicit, that the summons must require the defendant to appear to answer the plaintiff "of a plea in the *same summons to be mentioned;*" and this provision has been

in no manner altered nor repealed by the code. (See act to reduce, &c., 2 Rev. L. 371, &c., § 87. Laws relating to the city of New York, p. 43.)

The counsel for the respondents is in error when he says, this court was not quite correct in supposing that this provision of the statutes was applicable to justices' courts in the city of New York. It forms part of a statute relating expressly to such courts in this city. And the act relating to the marine court (which he has cited) uses language only very slightly different, in prescribing a form of summons. The act relating to courts of justices of the peace in the other parts of the state, (2 Rev. Stat. p. 228, § 14,) is substantially the same in this respect, but that has no application here. It has been supposed that the decision of this court, in *Cole* v. *Chamberlain*, viz., that the summons issued out of a justice's court in this city, must contain a statement of *a cause* of action, is in conflict with the decision made by the superior court of this city, in *Williams* v. *Price*, (2 Sandf. 230,) not reported when the decision in *Cole* v. *Chamberlain* was made. The words of the statute are so explicit and unqualified, that we should not readily yield our views to any other than a court whose decisions were binding upon us as authority, and yet we should feel reluctant to differ from the superior court, though of co-ordinate powers. We are, therefore, happy to find, that so far from differing from the case of *Cole* v. *Chamberlain*, that court, in *Williams* v. *Price*, sustain it. It is held, in that case, as we hold, that the code has not altered the substantial form of the summons. The court there say, "it was always requisite in the *marine* court to state in the summons the "*nature or cause of action*." (2 R. L. 384, § 113.) And *we* say it was always requisite that, in the summons issued by the justices' courts, the defendant should be required to answer the plaintiff, "of a plea in the same summons to be mentioned." (2 Rev. Laws, 371, § 87.) It is not necessary to use the formal word "plea." It suffices to state (what the terms of the statute plainly imported) the nature of the action to which the defendant was required to appear.

The point of objection in *Williams* v. *Price* was, that the summons did not state the cause of action as required in *the code of procedure;*" and the court held, that the summons in the marine and justices' courts, is not governed by the code at all, in its form; and so have we in substance held repeatedly.

Although the language in which the statement of the cause of action is expressed in the summons now before us is liable to some criticism in point of style, we think it satisfies the requirement of the statute. By a little more orderly arrangement of the sentence, it would read, " to answer the complaint of Joseph W. Bray and Thomas Hetherington, for one hundred dollars damages, in an action upon contract." This discloses the nature of the action, and is sufficient to show that the action is one of which the justice has jurisdiction.

But to whatever criticism the form in which the cause of action is stated may be liable, we think that the defendant, having pleaded and gone to trial upon the merits, cannot now object that the summons was defective in its form. Such was our decision in *Lighter* v. *Haskins*, Nov. Genl. T. 1851, in which the subject was discussed at some length. And the like principle is recognized in *Cotter* v. *Doe*, Dec. Gen. Term, 1851. *Dunn* v. *Rickert*, and *Sperry* v. *Major*, Mar. Gen. Term, 1852. (*a*) Vide *Taylor* v. *Heath*, (4 Denio, 595; 5 Hill, 428; 3 Hill, 180, 499; 5 Cow. 15; 1 Cow. 245; 2 Cow. 417; 13 Wend. 285.

This disposes of the only ground of appeal which the counsel for the appellant has suggested in his argument.

The judgment must, therefore, be affirmed with costs.

---

(*a*) *Ante*, p. 361.