## FAILURE OF JUSTICE TO RENDER JUDGMENT IMMEDIATELY ON RETURN OF VERDICT.

[Circuit Court of Trumbull County.]

### C. C. Sigler v. Jesse K. Shaffer.

Decided, October, 1906.

*Justice of the Peace—Judgment by, Absolutely Void—When not Entered on Verdict Immediately—Construction of Section 6579—Parol Evidence—Attachment—Jurisdiction Lost—Discontinuance of Action—Injunction.*

1. Where the docket of a justice of the peace shows that judgment was rendered ten days after the return of the verdict by the jury, parol evidence is not admissible to show that the judgment in fact was rendered immediately upon the return of the verdict.
2. Where a justice of the peace fails to render judgment until ten days after the return of a verdict by a jury, such failure works a discontinuance of the action; the judgment so rendered by the justice is absolutely void, and a court of equity will enjoin any further proceedings upon such judgment.

Cook, J.; Burrows, J., and Laubie, J., concur.

This action is before us on appeal. Defendant, Jesse K. Shaffer, brought suit before a justice of the peace against the plaintiff. The action was tried to a jury, which, on the 13th day of June, 1904, returned a verdict in favor of Shaffer for the sum of $27.75. On the 23d day of June the justice entered judgment upon the verdict on his docket, reciting that on that date he rendered judgment upon the verdict, against Sigler, for the amount of the verdict and costs. Execution was issued upon this judgment and this action was commenced to restrain Shaffer from enforcing the execution against plaintiff's property, and that he be perpetually enjoined from making any claim against him upon the judgment.

The theory of counsel for plaintiff is that judgment not having been rendered by the justice immediately upon the return of the verdict by the jury, that the justice lost control of the case, and the judgment is a nullity. In order for the plaintiff to succeed in the action that theory must be maintained. There-

fore, is the judgment of the justice absolutely void as claimed? Evidence was received upon the trial and taken under advisement tending to show that the justice did in fact declare that he entered judgment upon the verdict immediately upon the return of the jury.

The first question, therefore, that meets us is: Was such evidence competent? We now think it was not and reject it. It will be observed that the justice's docket shows that the judgment was rendered, not entered, upon June 23d, and to admit this evidence is to permit the entry upon his docket to be directly contradicted. It is not a case where there is no entry at all; possibly in such case parol evidence might be admissible to show what was done, in order to support the judgment. That question we do not decide, for in this case the docket is complete, and shows, as we have said, that the judgment was rendered on the 23d, and that the verdict was returned on the 13th.

The next and important question is: What is the effect of the justice withholding his judgment for ten days? Does it make the judgment absolutely void, or is it only voidable by reason of irregularity, the remedy being a proceeding in error or by appeal to common pleas court.

Section 6579 of the Revised Statutes provides:

"Upon a verdict the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be entered immediately after the close of the trial, if the defendant has been arrested or his property attached; in other cases, it must be entered at the close of the trial, or if the justice then desire further time to consider, on or by the fourth day thereafter, both days inclusive."

Justices of the peace derive all their power from the statutes, and the language of the statute is clear, specific and peremptory and would seem to preclude the justice from rendering judgment at any time other than that provided by the statute.

The case of *Robinson* v. *Kious*, 4 O. S., 593, is difficult of reconciliation upon this theory, but is also probably as difficult of reconciliation with subsequent decisions. The syllabus is:

"Section 107 of the justices' code provides that, 'Upon a verdict the justice must immediately render judgment accord-

ingly.' This provision may not make a judgment rendered upon a subsequent day absolutely void, but it makes it irregular, and for such irregularity, when not waived, it is reversible."

If you take the language of the syllabus literally, it no doubt sustains the proposition that the judgment is not void, but voidable only, and the remedy of the aggrieved party would be by error. It will, however, be observed that the question we have did not directly arise in that case. The question there was could the successful party by failing to pay the jury fee prevent a judgment and thereby compel a dismissal of the case for want of further jurisdiction.

In the case of *Dunlap* v. *Robinson, Administrator*, 12 O. S., 530, it is held in the third proposition of the syllabus:

"Where a justice of the peace fails to render judgment or take any other action, for a period of ten months, upon the verdict of a jury rendered in a cause upon trial before him, such neglect of duty, on the part of the justice, works a discontinuance of the action, and such verdict, without judgment, will not constitute a bar to a subsequent suit on the same cause of action."

In the opinion after referring to *Robinson* v. *Kious*, 4 O. S. R., 593, it is said:

"A justice of the peace can not by neglecting or refusing to enter judgment within the time required by statute, keep an action indefinitely pending before himself. When his power to determine the controversy by a valid judgment ceases, his jurisdiction ends. His power of adjudication is derived from the statute, and if not exercised within the time allowed by law, it is clearly lost; and the cause is no longer pending before him. The legal effect of such a failure in duty, is a discontinuance of the action. So jurisdiction may be lost by an adjournment of the suit without consent of parties, for a time longer than the statute permits. Such unauthorized adjournment or other neglect of duty by the justice, which prevents a hearing and determination of the suit within the proper time, it has been repeatedly held works a discontinuance of the action. 2 Johns, 192; 5 Johns, 353; 13 Johns, 469; 1 Cowen, 245."

Sutliff, C. J., and Brinkerhoff, J., concurred with Scott, J., who rendered the opinion, in the third proposition of the syllabus, while Peck and Gholson, JJ., dissented.

It must be conceded that it is difficult to uphold this decision without overruling *Robinson* v. *Kious, supra.*

In the case of *Eaton* v. *French,* 23 O. S. R., 560, it is said:

"Section 107 of the justices' act provides, that when the trial is by the justice, judgment 'must be entered either at the close of the trial, or if the justice then desire further time to consider, on or by the fourth day thereafter, both days inclusive.' This language is clear, specific, and peremptory. The power of the justice must be measured by the statute. Accordingly, it was held in *Robinson* v. *Kious,* 4 Ohio St., 593, that a judgment rendered by a justice after the time allowed by the statute, was, for that reason, reversible; and the holding in *Dunlap* v. *Robinson,* 12 Ohio St., 530, would warrant the conclusion that such delay works a discontinuance of the action."

From these cases, taken together, and especially from the language of the statute, we are of opinion that the failure of the justice to immediately render judgment upon the return of the verdict by the jury worked a discontinuance of the action; that he thereafter had no authority to render and enter the judgment and that the same is absolutely void.

A decree will be entered enjoining the defendant from taking any further proceedings upon the execution he caused to be issued, and from causing any further proceedings to be taken upon the pretended judgment. Defendant to pay costs.

*W. B. Moran* and *T. I. Gillmer,* for plaintiff.

*E. B. Leonard,* for defendant.