Taft, Stettinius & Hollister, Cincinnati, for plaintiff in error.

Ralph E. Clark, Cincinnati, for defendant in error.

### HUNT, Rec, Etc v KREBS

Ohio Appeals, 1st Dist, Hamilton Co

No 4513.   Decided Feb 5, 1934

## OPINION

By HAMILTON, PJ.

The plaintiff produced at the trial a leaf from a loose leaf ledger, which purports to be the original of the copy attached to the petition. The trial court admitted this page from the ledger apparently on the theory that it was a book account, and that the suit was on an account in the short form, and that the page was admissible under the shop book rule. If this page was admissible, the judgment would have to be reversed under the shop book rule. It would show a balance due on an account from Krebs. It may be said here that this loose leaf and a certain ticket indicating an order is the only evidence tending to support the claim. There was no witness called to testify who had any independent knowledge of the transaction. There is no proof that the 75 shares was ever tendered to Krebs, other than defendant's statement upon the witness stand, that some days after he was in and bought the 25 shares, some one of the brokers called him and said they had 75 shares of Ball Crank preferred stock, and he told them he did not want it.

While the petition declares on an account in the short form, the action really seems to be one for the balance due on a contract, but were that the case, the plaintiff below would be in no better position. This proposition would only be a circumstance bearing on the admissibility of the loose leaf ledger to prove a debt. It is a well-settled rule that books of account are not competent evidence to contradict or prove a separate contract. The use of book accounts

as evidence arises from the necessity of the case, but where the fact is, or could be proved by a formal writing, or is susceptible of proof by other evidence, the book shall not be resorted to. This is the rule declared in many of the states.

In Hazer v Streich, 92 Wis., 505, it is stated, in the first paragraph of the syllabus:

"The fact that a memorandum of a contract of sale was written in the vendee's ledger by his bookkeeper, at his direction and in the presence of both parties, does not render it admissible to prove the terms of the contract."

While it is true that in the case under consideration, it is claimed that the firm of Roberts & Hall were brokers, the account is credited to Roberts & Hall and charged to Krebs, and the rule above stated would apply. The memorandum of sale was written in Roberts & Hall's ledger, and they present themselves as the creditor.

In the case of **Baxter v Leith, reported in 28 Oh St, 84,** in passing on the admissibility of a book account, the court stated:

"Baxter in his answer and in his testimony, claims the goods were delivered on a special contract with Back. Hence, the matter in issue could not be the subject of book account by Baxter, and the book was not admissible to prove the alleged contract or its execution."

The entry disclosed by the loose leaf ledger shows that if there was any liability against Krebs it would be under the contract to purchase the 75 shares. It is claimed that Krebs admitted he wanted 100 shares when he went into the broker's office. However that may be, when he was there and stated his wants, there were but 25 shares delivered, and these were paid for upon delivery. Therefore, the only subject of the account was the special contract for the purchase of 75 shares.

The rule announced in **17 Ohio Juris, page 678, §561,** would render a loose leaf ledger incompetent to prove the contract, in this case, the claimed account.

It is claimed that the memorandum slip was a buy order, indicating the purchase of 100 shares of stock. The memorandum slip was in lead pencil, is in a mutilated condition, in so far as the writing was concerned, there being additions and erasures. This memorandum slip was offered by the plaintiff through one Steffens, cashier of Roberts & Hall Company. The memoran-

dum slip was not signed by Krebs, and was a self-serving written memorandum, which the witness testified was in Mr. Roberts' handwriting. The witness testified that such slips were used in the general course of business, but that he had no personal knowledge of the transaction. When asked regarding the rubber stamp date, a date stamped across the slip and being a second date on the slip, he stated he did not know what the purpose of that was.

The suit is on a book account. The slip indicates an order for 100 shares of Ball Crank stock. This memorandum was not the original paper from which the entry was made up on the book account. It is not in accordance therewith.

The loose leaf ledger and the memorandum slip were admitted over objection of defendant.

In Ohio it has been held that large sums of money, as for instance $450.00, are not the proper subject-matter of a book charge. **Page v Zehring, 8 Ohio Dec. Reprint, 211. Watts v Shewell et, 31 Oh St, 331. Kennedy v Doods, 19 O.C.C. 425.**

Moreover, the clerk or party making the entry in the so-called ledger was not produced as a witness. Plaintiff sought to show that the entries were made by a clerk from his knowledge of the clerk's handwriting. It was not shown that the party making the original entry was not available as a witness in the case. This is an added reason why the ledger was not admissible.

Our conclusion is, that the loose leaf from the ledger is inadmissible as evidence, as was the memorandum slip. With these items of evidence eliminated, there was no proof tending to establish the plaintiff's right to recover under the petition.

No prejudicial error therefore resulted in the sustaining of the motion to direct a verdict or in the judgment entered.

The judgment is affirmed.

CUSHING and ROSS, JJ, concur.