Charles Lambiase, J.
This is an application by petitioner above named for respondent to show cause why an order should not be made pursuant to the provisions of article 78 of the Civil Practice Act prohibiting said Police Justice from further proceedings against petitioner, Gordon Elmer Bennett. By the same show cause order respondent has been stayed from further proceedings against petitioner pending a hearing on this motion and a decision thereon. The matter has been submitted without oral argument.
Petitioner on June 4, 1961 received a traffic ticket charging him with a violation of section 511 of the Vehicle and Traffic Law of the State of New York and requiring him to appear before respondent, a Police Justice, in the Village of Ovid, New York, on June 8,1961 at 7:00 p.m. On that date and at that hour petitioner and his counsel, having travelled 60 miles to get to the appointed place where the traffic ticket advised them that the court was going to be held, found affixed to the door a notice that “ All cases scheduled for June 8,1961, are adjourned until June *614 9,1961.” Petitioner and his attorney waited for a considerable period of time and while waiting were informed that respondent had gone to Canada.
Thereafter and on June 9, 1961 petitioner’s attorney spoke to respondent by telephone, and the latter informed him that he had been in Canada, and further that the arresting police officer had filed an information against petitioner prior to June 8, 1961. Respondent was advised that a special appearance would be entered on behalf of the petitioner to object to the court’s jurisdiction.
On June 15, 1961 petitioner again appeared with his attorney and a written notice of petitioner’s special appearance was filed with the Police Justice. Objection to the continuance of the prosecution of said alleged violation on the ground that said Justice, by failing to be present in court on the return day set, viz., June 8, 1961, was divested of jurisdiction to continue with the case was made by petitioner’s attorney. Respondent Justice denied the motion and thereupon petitioner’s counsel advised respondent that petitioner reserved all rights on his objection to the jurisdiction of the court in any further proceedings had in the matter. Respondent proceeded to set a trial date after consultation with the District Attorney, and a trial date of July 7,1961 was set over petitioner’s objection.
Petitioner thereafter brought this article 78 proceeding to prohibit respondent from further proceeding against him on the charge. An order to show cause was issued to initiate the proceedings which order provides for a stay pending argument and decision of this motion. It is now before us on the return of that order.
Assuming that the filing of the information clothed the Police Justice with initial jurisdiction herein, the question before us to determine is: Did the respondent, by affixing the notice to the door, properly adjourn the matter and retain jurisdiction. We think not.
In Matter of Anspach v. Rider (249 App. Div. 916), it was held that where a Court of Special Sessions, having acquired jurisdiction, failed to continue the same over that particular matter by proper adjournment, it lost jurisdiction and its power was ended. Examples of improper adjournment are found in the following: Flint v. Gault (15 Hun 213); Stoddard v. Holmes (1 Cow. 245); Wiest v. Critsinger (4 Johns. 117); Handshaw v. Arthur (161 N. Y. 664).
We realize that much water has gone over the dam since the cited cases, and we are not unaware that by the enactment of section 702-a of the Code of Criminal Procedure, entitled *615 “ Adjournment and transfer ”, — a detailed history of which section is set forth in the excellent opinion of Judge Fanelli, now a Justice of the Supreme Court, in People v. De Luigi (208 Misc. 537) —the Legislature intended thereby, in the instances therein provided for, to change the strict rule that a Court of Special Sessions is not a continuing court and to make such court a continuing court so as to prevent it from losing jurisdiction, and in such instances such a result has been accomplished. (People v. Jacobs, 2 Misc 2d 369.) However, the situation before us, in our opinion, is not within the purview of the liberal provisions of that section or of any other enactment which has been called to our attention or which we have been able to find. Therefore, it would seem that as to the factual situation before us, the legislative enactments have not changed the law of the cases cited, decided before their enactment. Respondent Police Justice of the Village of Ovid, New York, holds a Court of Special Sessions, and, therefore, comes within our discussion.
We conclude, therefore, that petitioner is entitled to an order prohibiting the respondent above named, Robert Mannix, Police Justice of the Village of Ovid, Seneca County, New York, from further proceeding against Gordon Elmer Bennett, petitioner herein, for the charge of violation of section 511 of the Vehicle and Traffic Law on the ground that said Police Justice, by failing to be present in court on the return day, was divested of jurisdiction to continue with said case; that his adjournment of the ease was irregular; and that all subsequent proceedings by respondent are null and void.