Clarence J. Henry, J.
This is an application whereby the petitioner seeks an order, under article 78 of the Civil Practice Act, prohibiting the respondent, as Magistrate presiding over a Court of Special Sessions of the Town of Perinton, Monroe County, from continuing jurisdiction over a criminal matter in which the petitioner is charged with leaving the scene of an accident, in violation of section 600 of the Vehicle and Traffic Law.
The pertinent facts derived from the arguments and papers submitted indicate that the petitioner was arraigned before the respondent on the above charge on December 28,1961, and, upon the entry of a plea of not guilty and a demand for a jury trial, the matter was adjourned until January 16,1962, the actual trial date to be determined during the interval. Sometime thereafter the respondent, after learning from a stenographer attached to the District Attorney’s office (who apparently has charge of such matters) that the first available date was February 26, 1962, set that date for trial, and so advised the petitioner’s attorney. Following such notification, and on or about February 5, 1962, the respondent had a telephone conversation with the petitioner’s attorney during which he learned that the petitioner had been removed to Tompkins County to face a charge of violating probation. There was apparent expectation by both parties to the conversation that the later charge would result in a prison sentence for there was discussion at the time concerning the return of the petitioner’s bail and the necessity of canceling the trial scheduled for February 26, 1962. This appears to be the last the respondent heard of or from the petitioner until the evening of the latter date.
Contrary to expectations the petitioner was not sentenced in Tompkins County but was returned, rather, to the control of the Monroe County Probation Department. Thereafter, and on or about February 23, 1962, his attorney received notification *266 from the above-mentioned stenographer to be ready for trial on February 26, 1962, as earlier planned. Petitioner and his attorney appeared at the required time and place, found no one else present concerned with the trial and, after waiting for an hour and a half, called the respondent on the telephone. The respondent thereupon appeared and, following denial of a motion to dismiss the charge on grounds of failure to prosecute and lost jurisdiction, adjourned the matter to March 13,1962, for trial.
The petitioner now seeks from this court an order prohibiting the respondent from proceeding with such trial on the ground that, by virtue of improper adjournment, he has lost jurisdiction.
The court is not unmindful of the thoughtful pronouncement of Justice Lambíase, of this district, in the Matter of Bennett v. Mannix (30 Misc 2d 613) upon which the petitioner principally relies. That case, however, is quite distinguishable, factually, from the circumstances of the instant matter. There the adjournment was abrupt, arbitrary and apparently for the sole convenience of the Magistrate, and the reviewing Justice held that such reasons provided inadequate support for an adjournment. The opinion, however, stresses the point that propriety of the reasons for adjournment is the criterion upon review. Undoubtedly a Magistrate has the power to adjourn, even without definite day (Code Crim. Pro., § 702-a, subd. 3), if the circumstances are such that the adjournment can be regarded as a proper exercise of discretion.
In the instant matter, the respondent, relying upon an expectation, mutual with petitioner’s attorney, that the trial could not be held on February 26,1962, cancelled the trial, and heard nothing further concerning the matter until unexpectedly informed, on that date, that the petitioner was ready for trial. The appearance of the petitioner was stimulated solely by the conduct of the District Attorney’s stenographer (whatever his aims might have been), and the respondent, uninformed, cannot be held at fault for that. The failure of the stenographer, for unknown reasons, to carry through with notification to all other interested persons after notifying the petitioner’s attorney of the revived trial date was unfortunate and doubtless inconvenient to the petitioner and his attorney, but blame cannot be attached to the respondent therefrom to the extent of dissolving his jurisdiction over the matter. When informed of developments, he followed the only reasonable course open to him by appearing and formally adjourning the trial further. This is not, under the circumstances, viewed as an improper adjournment. Application denied.