Chables Lambíase, J.
Petitioner has obtained an order for respondent to show cause 11 why an Order should not be made herein, pursuant to Article 78 of the Civil Practice Act, prohibiting the Hon. Charles G-. Bose, Justice of the Peace of the Town of Victor, Ontario County, New York, from continuing to assume jurisdiction in the proceeding pending before said Court arising out of an alleged violation of Section 1180, Subdivision B-2 of the Vehicle and Traffic Law and further why said Respondent should not be prohibited and restrained from taking any further steps in connection with the said proceeding and why the petitioner should not have such other and further aid and relief as this Court may deem just and proper ”; and it is further ordered therein ‘1 that the Respondent be and hereby is stayed from proceeding in the matter referred to herein until after the hearing and determination of the petition herein brought by this Order to Show Cause and the entry of an Order thereof and service thereof with notice of entry ”.
Respondent, upon the aforesaid show cause order and upon the papers upon which said show cause order was based, has moved ‘1 for an order dismissing the petition herein as a matter of law upon the ground that it appears upon the face of said petition that the same is insufficient in law in that it does not state facts sufficient to constitute grounds for the relief sought therein.”
It appears that petitioner received a uniform traffic ticket from the New York State Police; that he was arrested for and was charged with speeding in violation of section 1180 (subd. 2, par. [b]) of the Vehicle and Traffic Law; that said uniform traffic ticket directed petitioner to appear before the Court of Special Sessions for the Town of Victor, New York, to be held in said town on the 10th day of November, 1962 at 7 -.00 p.m. ; that on the 10th day of November, 1962 at 7:00 p.m., petitioner appeared at the Town Hall in the Town of Victor, New York; that the Court of Special Sessions in said town at that time was scheduled to be held by Honorable Chables G-. Rose, respondent herein; that petitioner appeared with counsel and waited for the court to appear until some time after 7:15 p.m. ; that on said November 10, 1962 petitioner found the Town Hall of Victor locked, and throughout the period that petitioner was at said Town Hall, the court was neither called into session nor did the Honorable Chables G-. Rose appear nor was there an appearance by or on behalf of the State Police or of the People of the State of New York; that on December 20, 1962 at 7:30 p.m., *66 petitioner’s counsel appeared specially on' petitioner’s behalf before respondent, Justice Rose, and advised said Justice of the fact of petitioner’s previous appearance on November 10, 1962 and of the nonappearance of said Justice; that petitioner, through his counsel, at that time objected to the continuance of the prosecution for the alleged violation on the grounds that said Justice, and the said Court of Special Sessions, by reason of the aforesaid facts, had been divested of jurisdiction to continue with the case; that the information and supporting deposition attached thereto charging petitioner with the alleged violation were sworn to and filed with respondent on the 31st day of October, 1962; that petitioner was informed that over his objections and reservation of rights said Justice scheduled trial of the charges against him for January 17,1963 at 7:30 p.m. ; and that thereafter petitioner brought on this application.
It is petitioner’s position that in the posture of this case, the court was divested of jurisdiction to continue with it. Respondent filed no answering papers upon petitioner’s application, but stated upon argument that respondent was at his home on November 10, 1962 at 7:00 p.m., and was not aware that petitioner’s matter was scheduled. Respondent’s contention is set forth in his motion to dismiss now before us, reference to which has been made hereinbefore; and further he maintains that petitioner’s remedy is not by prohibition. We are unable to agree with respondent’s position.
It has been held that errors committed by a court upon the hearing of an action or proceeding which it is authorized to hear, but not affecting any jurisdictional fact, do not invalidate its orders or authorize a party to treat them as void, but can be taken advantage of only by appeal or motion in the original action. (Fischer v. Langbein, 103 N. Y. 84; see, also, Woolsey v. Best, 299 U. S. 1, 2.) A court’s jurisdiction presumably unquestioned at the beginning of a trial may be lost ‘1 in the course of the proceedings ”. (Frank v. Mangum, 237 U. S. 309, 327; Johnson v. Zerbst, 304 U. S. 458, 465.) Where there is no jurisdiction at all, there is no Judge; the proceeding is as nothing. (Lange v. Benedict, 73 N. Y. 12, 25; see Jameison v. State of New York, 4 Misc 2d 326, affd. 7 A D 2d 944 and cases cited therein.) Assuming that the filing of the information clothed the Justice with initial jurisdiction herein, did he, under the circumstances, retain jurisdiction to proceed with the matter at hand? We think not. Under the circumstances herein there was a failure to complete the court, and the court no longer had jurisdiction to proceed. (Johnson v. Zerbst, supra; Matter of Bennett v. Mannix, 30 Misc 2d 613 and cases cited therein.)
*67 We conclude, therefore, that petitioner is entitled to an order prohibiting the respondent above named, Chables G-. Bose, Justice of the Peace of the Town of Victor, Ontario County, New York, from further proceeding against John C. Abbott, petitioner herein, for the charge of violation of section 1180 (subd. 2, par. [b]) of the Vehicle and Traffic Law on the ground that said Justice, by failing to be present in court on the return day, was divested of jurisdiction to continue with said case; that his adjournment of the case was irregular; and that all subsequent proceedings by respondent are null and void.
We conclude, further that respondent’s motion for an order dismissing the petition herein as a matter of law upon the ground that it appears upon the face of said petition that the same is insufficient in law in that it does not state facts sufficient to constitute grounds for the relief sought therein, must be and hereby is in all respects denied.