Jon H. Porter, J.
On August 7, 1970, the defendant was issued a uniform traffic ticket for speeding in violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law of the State of New York. The ticket directed the defendant to appear in the Town Court, Town of Geneseo, 70 Genesee Street, Geneseo, New York, on the 14th day of August. 1970 *700 at 3:30 p.m. The Town Court in Geneseo, New York, is held at 70 Main Street, there is no “ Genesee Street ” in the Town of Geneseo. Prior to the return date, the error was corrected on motion of the arresting officer.
On October 2, 1970, the defendant appeared with his attorney before Hon. Mark P. Welch, Town Justice, of the Town of Geneseo, at 70 Main Street, Geneseo, New York. A motion for a dismissal by reason of the above defect was denied, and the matter was adjourned on consent for a trial before this court at a convenient time. On November 10, 1970, the parties appeared before this court and at this time the said motion was renewed and a second motion for dismissal was made by reason of the fact that the stenographer engaged to record the proceedings was not present.
The defendant urges a dismissal citing Matter of Abbott v. Rose (40 Misc 2d 64) involving the failure of a Justice to appear upon the return date. Sections 147-c and 147-e of the Code of Criminal Procedure set forth the minimum requirements and the form to be used for the simplified traffic information; only the names of the parties and the .name of the court must be set forth. The ticket conferred no jurisdiction on the court, it was merely an invitation to appear, “ The Simplified Traffic Information cannot itself furnish a basis for the issuance of a warrant of arrest or procure defendant’s appearance before the court.” (People v. Boback, 23 N Y 2d 189, 195). A uniform traffic ticket “ is a convenience to the motorist to permit him at his option to avoid the embarrassment and inconvenience of being arrested and forthwith taken before the nearest Magistrate.” (Matter of Coville v. Bennett, 57 Misc 2d 838, 839). The error was inconsequential and the defendant was not prejudiced thereby.
There is no statutory requirement that a stenographer be present at a trial for a violation of the Vehicle and Traffic Law. The court was therefore under no duty to provide a stenographer.
Both motions are hereby denied.