300

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RONALD J. RADAK, Defendant.

Court of Special Sessions of Town of Elbridge, Onondaga County, December 5, 1966.

*Ronald J. Radak,* defendant in person. *Francis Moran, District Attorney (Leo Hayes* of counsel), for plaintiff.

ROGER SCOTT, J. Defendant moves to dismiss the uniform traffic complaint No. 1404739 which accuses him of speeding on October 10, 1966, in violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law of the State of New York.

The basis of the defendant's motion is upon several grounds, which will be discussed separately. The defendant was issued a uniform traffic ticket on October 10, 1966, returnable before this court on October 21, 1966. The defendant, at the time of his appearance on October 21, 1966, resided in Canandaigua, New York. When he appeared he was surprised to discover that neither the arresting officer nor the District Attorney was present. It was therefore impossible for him to proceed to present his defense. The defendant was informed of his right to a bill of particulars pursuant to section 147-f of the Code of Criminal Procedure, and after due demanding a bill of particulars the

matter was adjourned until October 28, 1966. A letter was sent to the arresting officer advising him of the defendant's demand for a bill of particulars. On October 28, 1966, the defendant reappeared, but a bill of particulars had not been filed with the court or forwarded to the defendant. Again on October 28, 1966 neither the District Attorney nor the arresting officer was present. The matter was adjourned until November 11, 1966 and a second letter was sent to the arresting officer advising him of the defendant's previous demand and the adjournment. On November 11, 1966, approximately one hour prior to the time set for the defendant's reappearance, an envelope containing what purported to be bills of particulars was delivered to this court. At the time of the defendant's reappearance, neither the District Attorney nor the arresting officer was present, and a bill of particulars was given to the defendant. Again the defendant was informed that a trial could not be had on that night in the absence of the arresting officer and the District Attorney. Thus far, the defendant had made three trips from Canandaigua, to the court.

This court is concerned with the procedure generally followed in issuing tickets for a violation of the Vehicle and Traffic Law. The arresting officer sets a date for the defendant's appearance in Justices' Court. In this county, the District Attorney has established a schedule of dates for the appearance of an Assistant District Attorney in each of the Justices' Courts. The return date established by the arresting officer rarely coincides with the date established for the appearance of an Assistant District Attorney in the court, and it is virtually impossible for the defendant to have a trial on the return date of the ticket. It would seem the proper procedure would be for the arresting officer to make the return date coincide with the date when the District Attorney or one of his assistants would be present in court, and since the arresting officer is at liberty to choose any date he desires when court is in session, he should choose a date when he also could be present. The prosecutor is required by law and practice to be present at the arraignment on a criminal charge. Section 701 of the Code of Criminal Procedure requires that upon a plea other than a plea of guilty, if the defendant does not demand a trial by jury, the court must proceed to try the issue. Charges of a violation of the Vehicle and Traffic Law, other than charges which are stated to be a misdemeanor, are all triable without a jury. In *People* v. *Prosser* (309 N. Y. 353, 358), the court stated: " It is the state which initiates the action and it is the state which must see that the defendant is arraigned. It is likewise the state which has the duty of seeing that the

defendant is speedily brought to trial." Although section 700 of the County Law makes it the duty of the District Attorney to conduct all criminal proceedings in all courts of the county, the arresting officer or the Justice himself may conduct the trial in the absence of the District Attorney. (*People* v. *James,* 150 Misc. 390; 1933 Atty. Gen. 111; A Guide for Justices of the Peace by Alfred Morrison 367.)

It is customary for the District Attorney to bring with him, at the date for the trial, a stenographer. It is not required, unless the defendant demands it, that a stenographer be obtained to take the minutes of the trial. The Justice of the Peace is required, during the course of a trial before him, to keep some record thereof, no matter how informal, so as to insure a proper review on appeal. (*People* v. *Giles,* 152 N. Y. 136; *People* v. *Wilkins,* 281 N. Y. 224; *People* v. *Saalfield,* 14 N Y 2d 915.)

It is therefore apparent that even in the absence of the District Attorney, or one of his assistants, the trial could proceed if the arresting officer was present. Failure to allow a defendant immediate trial on the return date of the summons without sufficient reason appearing therefor is reversible error and an abuse of discretion, depriving the Justice of the Peace of further jurisdiction over the matter. (*People* v. *Wagner,* 15 N Y 2d 799.)

From the above, it would appear that the inability to afford the defendant an immediate trial, and especially in view of the distance required by him to appear in this court may in itself be grounds for a dismissal. This court notes that the American Bar Association was asked to assist in setting up the traffic court system for Dade County, in 1959, which includes the City of Miami, Florida. The uniform traffic ticket used in New York State was adopted from the model prepared from the Dade County system. There, the arresting officer is required to be in court on the return of the summons. It is considered a fundamental part of due process. " All motorists charged with hazardous moving violations must appear in Court; but, once there, they get fair treatment. Since hours of appearance are staggered, no one has to wait long. The arresting officer is in Court when each case is called so that the man who wants to plead not guilty has an immediate hearing." (You Can Have Decent Traffic Courts, by James P. Economos; District Traffic Court Program, American Bar Association.)

The *Reader's Digest* for January, 1964, in an article concerning traffic courts, states: " If you have a bad traffic court in your town, there is one thing you, as an individaul can do. If you get a summons for an offense of which you are innocent,

always plead not guilty. If the arresting officer is not in Court, move to dismiss for lack of prosecution."

There apparently is a great deal of concern throughout the United States about the problems faced by an alleged violator of our traffic laws. The procedure whereby an innocent defendant must reappear many times in court before receiving a trial of the charges against him seems eminently unfair. The constitutional and statutory provisions relating to a speedy trial are mandatory and the right of an accused thereunder cannot be frittered away by the laches of public officers. (22 A. C. J. S., Criminal Law, § 467 (2), p. 22.) Our laws have taken good care to guard against oppression by their administrators, and it is our duty to see that their provisions in favor of humanity and the liberty of the citizens are duly enforced. (*People* v. *Goodwin*, 1 Wheel. CR. Cas. 434.) If, therefore, it should appear to us that there is any wanton or even unnecessary delay on the part of the police officer, or if the prisoner should justly complain of the delay, then an application would call upon the Judge to decide as to the extent of his powers and whether he should not exert them for the release of the prisoner. (*People* v. *Goodwin, supra.*)

If a system is allowed in this State whereby a defendant can be deprived of his right to a speedy and an immediate trial, this system will be no better than systems used in some of our sister States of which there is consistent and justified criticism. What is good for one defendant is good for all defendants, and if the defendant be unjustly charged while on a trip of some distance, and appear in a Magistrate's Court on such charge during the course of this trip, and be refused an immediate trial and asked to reappear at some later date, and required to post bond or bail pending his return, in practice this system produces the untenable situation whereby it is impossible for or impracticable for the defendant to reappear. A system so designed cannot, and should not be condoned by the courts of this State. It is possible for a court to be administered in such a manner as to allow a defendant immediate trial upon his demand. There seems to be no good reason why at least the officer issuing the summons should not be present on the return date. The present practice can only serve to induce a defendant into entering a plea of guilty, and may be a violation of a defendant's constitutional right to a speedy trial. If the Justices' Court system in this State is to survive, some system must be devised to protect the rights of the individuals, and to afford them a just and speedy opportunity to be heard.

The defendant, although not receiving a trial, did finally receive a bill of particulars. The bill of particulars was signed by the arresting officer but not verified. The question arises of whether an unverified bill of particulars can comply with section 147-f of the Code of Criminal Procedure. Section 147-f is silent as to the requirement or lack of requirement that the bill of particulars be verified. Section 147-g of the Code of Criminal Procedure sets forth items which must be contained in the bill of particulars, but also is silent as to the requirement of a verification. The court must therefore look elsewhere for the answer to this question. It should first be remembered that a Court of Special Sessions is not a court of record. It is one of the few remaining courts that comes into existence separately for each case, and has no jurisdiction which continues from case to case. Its only authority to adjourn a case is statutory, and only after it has first gained jurisdiction. If it fails to gain jurisdiction by reason of a defective information, it cannot regain that jurisdiction by a correction of the information. (*Matter of Bennett* v. *Mannix,* 30 Misc 2d 613; *Matter of Abbott* v. *Rose,* 40 Misc 2d 64; *People* v. *Scott,* 3 N Y 2d 148.) Great care must therefore be taken in examining the information or complaint, especially since a Justice may be personally liable in an action for false arrest in the event a defendant is held or convicted on a jurisdictionally defective information or complaint.

The enactment of chapter 1-A of title 3 of part IV of the Code of Criminal Procedure (§§ 147-a–147-g), providing for simplified traffic informations, considerably reduced the requirements of an information charging a defendant with an infraction of the Vehicle and Traffic Law. The Governor, in his approval memorandum stated '' The proposed bill will greatly facilitate the prosecution of traffic violations and the submission of conviction certificates to the Department of Motor Vehicles. At the same time, adequate safeguards to the rights of the defendant are provided by the requirement that the defendant be advised by the Court of his right to a bill of particulars of the violations charged and by preserving his right to request a bill of particulars at any stage of the proceedings.'' (N. Y. State Legis. Annual, 1962, pp. 356, 357.) The simplified traffic information as provided by section 147-e of the Code of Criminal Procedure would be clearly insufficient if it were not for the enactment of that chapter. It is indisputable that the simplified traffic information must be verified, and it therefore follows that the bill of particulars must also be verified. It is argued that the bill of particulars provided in chapter 3-A of title 5 of part IV of the Code of Criminal Procedure (§§ 295-a–295-l) does not have to be verified, and therefore

the bill of particulars in chapter 1-A also need not be verified. This court finds a considerable difference between the bill of particulars provided in chapter 3-A and the bill of particulars required in chapter 1-A. The bill of particulars required in chapter 3-A elaborates upon a filing of a simplified indictment. The indictment itself need not be verified, but need only be signed by the District Attorney. The lack of a verification on the bill of particulars in that case is understandable. The defendant in an indictable case is not tried upon the original information, but upon the formal indictment that may follow. A trial of a defendant on a uniform traffic complaint is substantially different, since the complaint itself must be verified. (*People* v. *Scott*, 3 N Y 2d 148.)

This court therefore looks to the CPLR, which also provides for a bill of particulars, admittedly in civil cases. CPLR 3044 provides that if a pleading is verified, a subsequent bill of particulars shall also be verified. It would seem that since a defendant in a Court of Special Sessions must be charged either upon a long-form information which must be verified, or upon a simplified traffic complaint which also must be verified, that the bill of particulars, adding to the simplified traffic complaint to form what would amount to a long-form information must necessarily be verified. A failure to verify the bill of particulars would leave the information contained in the simplified traffic complaint insufficient, and the court would fail to obtain jurisdiction.

In any event, the defendant is charged with a violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law on October 10, 1966. Section 1180 of the Vehicle and Traffic Law was amended by chapter 950 of the Laws of 1966, effective October 1, 1966. Section 1180 (subd. [b], par. 3) no longer appears as a charge of speeding in violation of a maximum speed limit properly established and the complaint is therefore defective. It is also noted that the defendant has been charged by the issuance of a uniform traffic ticket and the filing of a uniform traffic complaint on an unauthorized form. This in itself is sufficient to grant the defendant's motion for dismissal. (*People* v. *Bremner*, 51 Misc 2d 632.)

For the above reasons, the defendant's motion for dismissal is, in all respects, granted.