## 49468. HIATT v. THE STATE.

Eberhardt, Presiding Judge.

On April 14, 1973 Sgt. Tommy Keheley of the Cobb County Police Department, working as a watchman at the Jonquil Skating Rink, was sitting in his automobile parked on the skating rink parking lot near entrance to

the building. A vehicle drove up behind him and parked. In it were three people, the defendant Hiatt, Susan Ray Mason and Charles R. Williams, all in the front seat, with the defendant driving. They were smoking some kind of cigarette, passing back and forth among themselves so that all participated. They got out of the car and went into the skating rink. Sgt. Keheley saw Williams throw the cigarette butt down as he passed the front of the car, and he immediately retrieved it. It was warm and appeared to him to be a "roach" or the butt of a handrolled marijuana cigarette. He followed the three into the skating rink, asked whether the cigarette butt was the property of any of them and all asserted that it was not. Thereupon he arrested them for possession of marijuana. Hiatt resisted the arrest and help was called. He obtained the keys to the car from Hiatt and, with the assistance of Officer Moore, searched the car, finding in the glove compartment a handrolled cigarette, and on analysis by the crime laboratory it was later determined that both the cigarette butt and the cigarette were of marijuana.

After the trial opened and the state began to offer evidence relative to the cigarette butt and the cigarette, defendant *orally* moved to suppress the evidence. The jury was excused and after hearing evidence the court denied the motion. The motion was never reduced to writing. The state's evidence showed that the search of the car was made after the three suspects were placed under arrest and within a matter of minutes after they had driven up behind Sgt. Keheley and stopped, passing back and forth among them a cigarette and each smoking it, and after Keheley saw the cigarette butt thrown to the ground and retrieved it, seeing it to be what his training as an officer indicated to be a marijuana "roach." The search was made without any consent of the defendant.

The jury returned a verdict of guilty and after judgment and sentence thereon this appeal followed. Errors enumerated are: (1) denial of the motion to suppress, and (2) denial of a motion to disqualify jurors who, on the previous day, had seen defendant and his counsel in the courtroom during the trial of an unrelated case, and (3) denial of a motion for a directed verdict of

not guilty. *Held:*

1. The motion to suppress was *oral* and did not meet the requirement of Code Ann. § 27-313 (b), and for this reason a denial of it was authorized. *Taylor v. State,* 118 Ga. App. 605 (1) (164 SE2d 876); *Hawkins v. State,* 117 Ga. App. 70, 72 (159 SE2d 440). *Thomas v. State,* 118 Ga. App. 359, 360 (2) (163 SE2d 850) does not require a different result. In that case the motion to suppress was in writing. But a consideration of the evidence submitted on the hearing held discloses that reasonable cause existed for making the search without a search warrant and even had the motion been properly presented a denial would have been proper. Moreover, the defendant denied that the vehicle was his and he has no standing to object to the search. *Allen v. State,* 231 Ga. 17 (3) (200 SE2d 106).

2. There is no showing of harm resulting from the denial of the motion to disqualify jurors who may have seen the defendant and his counsel at the counsel table in the courtroom on the day prior to this trial. It is contended that this amounted to putting his character in evidence when he had not done so. We cannot agree with that contention. Even if it had appeared from testimony introduced on the present trial that the defendant had been seen in court, or that he had been on trial in this or another court, no inference derogatory to his character results. *Cherry v. State,* 220 Ga. 695 (3) (141 SE2d 412); *Creamer v. State,* 229 Ga. 704 (2) (194 SE2d 73). A challenge to the poll or a motion to disqualify jurors must be supported by evidence if the presumption of their qualification and impartiality is to be rebutted. *Mathis v. State,* 222 Ga. 351 (1) (149 SE2d 812).

3. There was sufficient evidence to authorize the verdict. A denial of the motion for a directed verdict of not guilty was proper.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

SUBMITTED JUNE 26, 1974 — DECIDED
JULY 5, 1974.

*Gray & Nelson, Donald O. Nelson, J. Bruce Richardson,* for appellant.

*Paul F. Carden, Solicitor, Herbert A. Rivers,* for appellee.