## 50449. HYATT v. THE STATE.

ARGUED APRIL 9, 1975 — DECIDED APRIL 17, 1975 —
REHEARING DENIED MAY 6, 1975.

*Spence & Knighton, Judson R. Knighton,* for appellant.

*Paul F. Carden, Solicitor,* for appellee.

DEEN, Presiding Judge.

■ Code Ann. § 27-222 provides: "Notwithstanding any other provision of any law to the contrary, a law enforcement officer may arrest persons accused of violating any law or ordinance governing the operation, licensing, registration, maintenance and inspection of motor vehicles by the issuance of a citation, providing said offense is committed in his presence. . . which shall enumerate the specific charges against such person and the date upon which said person is to appear and answer said charges." Code Ann. § 68-1625.1 provides that the operator of a motor vehicle on a public road "shall be deemed to have given his consent to a chemical test" to determine intoxication, if lawfully arrested for any offense allegedly committed while the person was operating a vehicle under the influence of intoxicants.

The defendant was stopped because he was driving on the wrong side of the road and weaving; officers determined from his behavior and odor that he had been drinking, arrested him, took him to a center where a test was made, and determined that he was in fact intoxicated. He was given a citation, taken to the station house,

required to make bond, and released. This action was not in violation of Code Ann. § 27-212 requiring that on arrest without a warrant the person shall be conveyed before a committing magistrate without delay, and any person not conveyed before such officer within 48 hours shall be released. This section controls time of captivity before a hearing; habeas corpus will lie if it exceeds 48 hours. It does not automatically void the legality of the arrest itself in such manner as to render inadmissible the result of the "breatholyzer" test because not a product of a "legal arrest." *Peters v. State,* 115 Ga. App. 743 (1) (2) (156 SE2d 195).

■ But it is contended that the only possible circumstances under which a defendant so arrested could be taken to the station house and required to make bond is under Ga. L. 1972, pp. 1148, 1149 (Code Ann. § 92A-2701), providing that the Director of the Department of Public Safety shall develop a uniform traffic citation and complaint form which shall serve as the citation, summons, accusation or other instrument of prosecution for violations of traffic laws, which form shall have a unique identifying number which shall serve as the docket number for the court before which the case is tried. The citation form used here has two sets of printed numbers and two sets of inked numbers, one of the latter being the same as the docket number. Otherwise, it clearly states the offense, the defendant, the date and place of hearing, and is sworn to by the arresting officer. It would not be illegal, considering the exigencies of keeping court dockets, to have two numbers and a provision of cross reference between them, and since both numbers appear on this citation there is no reason to presume, in the absence of evidence to the contrary, that such was not in fact the case. The purpose of the requirement is to provide the person receiving the citation or his attorney a means of locating the docketed case, and there is no claim that the numbering mystified anybody concerned.

A more serious consideration is the failure to prove that the document headed "Georgia Uniform Traffic Citation Summons, Accusation" is on a form developed by the Director of the Department of Public Safety, either prima facie by a statement thereon or by evidence to that

effect. This point was raised on behalf of the defendant, but only for the purpose of urging that the *arrest* was illegal and that evidence obtained on the basis of an illegal arrest (the "breatholyzer" test) would be inadmissible. We hold the arrest legal and the evidence admissible. The viable complaint would be that the document appears on its face to be neither an indictment, an accusation, nor a uniform citation developed by the Director of the Department of Public Safety, and as such the attack would be in the nature of a special demurrer or motion to quash, which should be in writing and prior to pleading to the offense.

In this regard, it may be stated that this court has searched the rules and regulations of the Department of Public Safety, the only source of which we might take judicial notice, and has been unable to find any form of uniform citation approved therein. We are aware that many states have adopted simplified uniform citations for traffic offenses which have been held constitutional (e.g.) State v. Myrtle Doolittle, 69 Wash. 744 (7) (419 P2d 1012). In no case that we know of has the basis of such a procedure stopped with what might be called legislative enabling legislation directed to a department of government of a governing official. For example, under similar legislation passed in New York State in 1962 the legislature charged the Commissioner of Motor Vehicles with preparation of a uniform appearance ticket for traffic offenses. That form, as well as supplementary material, appears as § 91.7 of Title 15 (Department of Motor Vehicles) of the compilation of Codes, Rules and Regulations of the State of New York. A simple check of the form suffices; the defendant may determine whether it is authorized or not. In People v. Panek, 52 Misc. 2d 300 (275 NYS2d 937), the court observed: "It is also noted that the defendant has been charged by the issuance of a uniform traffic ticket and the filing of a uniform traffic complaint on an unauthorized form. This in itself is sufficient to grant the defendant's motion for dismissal."

Further, the citation-accusation cannot be considered an accusation of the State Court of Cobb County to which the case was made returnable (formerly Civil and Criminal Court of Cobb County), because as to

that court all accusations are required to be instituted by written accusation made by the solicitor or assistant solicitor, which was not done in this case. Ga. L. 1964, pp. 3211, 3216, Section 12(b).

But as stated above, the appellant seems not to have directly attacked the form used. He states in his oral motion to suppress evidence that "the basis of our motion is that the Uniform Traffic Citation form cannot replace a warrant" and again, "the main thing I'm pointing out is that the authorization for this uniform traffic citation, summons, accusation does not relieve the requirement for obtaining the warrant on the person who was arrested without one." The defendant was legally arrested and legally tested for intoxication. And where the defendant, considering himself under legal arrest, executed a bond and was released until the time set for the jury trial, this constituted a waiver of the necessity for taking out a warrant for arrest at least so far as the issue of guilt or innocence is concerned. It has been held that such a bond is an implied waiver of a commitment trial, where the case is returnable to a superior court. *Bird v. Terrell,* 128 Ga. 386 (6) (57 SE 777). "It is the general rule that the manner in which an accused is brought before a court does not impair its jurisdiction to try him." *Joiner v. State,* 66 Ga. App. 106 (17 SE2d 101). This case, of course, refers to the manner of arrest, not to the form of the accusation, for a defendant, on proper objection raised, is entitled to be tried on an accusation perfect in form and substance. *Kyler v. State,* 94 Ga. App. 321 (3) (94 SE2d 429).

The objections raised by the first six enumerations of error are without merit.

■ This record shows that the defendant appeared and pleaded not guilty on July 2, 1974, and that the trial was held the same date. It appears that a demand upon the solicitor for list of witnesses was made three days previously, and that the name of Rollins, the man who conducted the intoxication test, was not furnished although the names of two other witnesses appeared. Rollins was allowed to testify over objection. The state's contention that the demand for list of witnesses must be filed prior to arraignment and that the defendant "has in fact waived the arraignment and waived his right to

demand a list of witnesses in the case" is entirely inadequate. If, as the state contends, the accusation used was in fact a uniform traffic citation, no arraignment was necessary, and a demand for list of witnesses timely made was sufficient. If an arraignment was necessary, and was "waived" by the defendant's appearing for trial at the time the citation called on him to do so, then the purported accusation was void on its face as not being in the form demanded by the Act creating the State Court of Cobb County, this being the form under which arraignment is necessary. A list of witnesses must be furnished on demand. Code Ann. § 27-1403. This is, in fact, a constitutional right. Code Ann. § 2-105. The fact that traffic offenses may by legislation be made the subject of simplified procedure does not mean that the defendant is to be denied the due process rights which apply to every offender against the laws of this state. It was error to allow the testimony of this officer over proper objection made.

■ The remaining enumerations of error are without merit.

*Judgment reversed. Evans and Stolz, JJ., concur.*