## 51098. GRAVES v. THE STATE.

SUBMITTED SEPTEMBER 10, 1975 — DECIDED SEPTEMBER 30, 1975.

*Jack Dorsey,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

The holding of Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081), that all evidence obtained by searches and seizures in violation of the Fourth Amendment of the Federal Constitution is inadmissible in state courts, is only an exclusionary rule and does not affect the competence of evidence admitted without timely challenge. *Gilmore v. State,* 117 Ga. App. 67 (2) (159 SE2d 474). In Georgia the exclusionary rule is firmly embedded in our statutory law; Ga. L. 1966, pp. 567, 571 (Code Ann. § 27-313) establishes a procedure for suppression of evidence obtained by unlawful search and seizure. This statute specifically provides that the motion to suppress evidence illegally seized "shall be in writing

and state facts showing wherein the search and seizure were unlawful." The record in the case sub judice reveals that appellant's motion was made orally. A motion to suppress which is procedurally defective is properly overruled. *Cadle v. State,* 131 Ga. App. 175 (205 SE2d 529). A motion to suppress which is made *orally* is procedurally defective and a denial thereof is authorized. *Hiatt v. State,* 132 Ga. App. 289 (1) (208 SE2d 163). It was therefore not error for the trial judge to overrule appellant's oral motion to suppress evidence. Nor can appellant's motion be upheld as an oral objection to evidence obtained by unlawful search and seizure. "Since the Act of 1966, an oral objection to evidence obtained by unlawful search and seizure is not sufficient unless preceded by suppression of the evidence pursuant to a motion to suppress in compliance with the Act. . . Failure to interpose a timely motion to suppress in compliance with the Act amounts to a waiver of the constitutional guaranty in respect to the search and seizure in question." *Brannen v. State,* 117 Ga. App. 69 (2) (159 SE2d 476); *Gilmore v. State,* 117 Ga. App. 67 (2) (159 SE2d 474); *Lane v. State,* 118 Ga. App. 688 (165 SE2d 474); *Bissel v. State,* 126 Ga. App. 61 (189 SE2d 701).

*Judgment affirmed. Evans and Stolz, JJ., concur.*