A89A0221. LUCAS v. THE STATE.
(384 SE2d 438)

BIRDSONG, Judge.

This appeal concerns the appellant's convictions for speeding and driving under the influence of alcohol. There is no dispute that on the night in question the appellant was stopped by two police officers who were operating radar and detected him operating his pickup truck at 57 miles per hour in a 40 mile per hour zone. At trial however, there was a dispute about the events which occurred after the appellant was stopped by the police.

The two officers testified that the appellant was staggering, smelled of alcohol, slurred his words, and spoke in an unusually slow manner. As a consequence, both officers testified that in their opinions the appellant was under the influence of alcohol. Further, based upon their observation of the appellant and the fact that he had operated his truck at an excessive speed, they also testified that in their opinion the appellant's driving was impaired.

The officers also testified that the appellant refused to perform a field sobriety test. Both officers also testified that the appellant refused to take a breath test.

The appellant disputed the officers' version of the events. He testified that he had drunk only three twelve-ounce bottles of beer over a two-hour period while he was eating dinner. He denied that he was staggering or slurring his words, and he further testified that he did not refuse to take the field sobriety test. Instead, he asserted that the police did not ask him to take such a test. He did, however, acknowledge that he had refused to take the breath test, and he explained his refusal by stating that he believed the test to be inaccurate. He further explained that this was because of two prior incidents when he was arrested for DUI and he believed that the breath test results were higher than they should have been. (The State introduced two DUI convictions which showed that the appellant had been convicted of two earlier DUI offenses in which he had tested .19 and .16 on the breath test.) He explained that he also based his refusal on some articles, which he was unable to identify, which supported his belief. The appellant also maintained that he would have willingly taken the

breath test, but for his belief that the test was inaccurate and the advice of an attorney not to do so. The appellant called in his defense his employer and his girl friend. The employer testified he was with the appellant that night for dinner and he thought appellant had only two or three beers. He also testified that when he saw the appellant leave it did not appear that he was under the influence. Moreover, he testified the appellant normally had a deliberate manner of speaking. The girl friend testified that she saw the appellant driving shortly before he was stopped by the police and his driving appeared to be normal. She also testified that she was at the scene of the apprehension and she did not hear the police ask the appellant to take a field sobriety test.

The appellant also called an expert witness who testified about deficiencies in the breath test used in this State. The purpose of this testimony was to show the appellant's state of mind when he refused to take the breath test. Upon the State's objection, the testimony was excluded on relevancy grounds, although some of the intended testimony was received later in response to questions by the State.

The appellant enumerates as error the sustaining of the State's objections which resulted in exclusion of defense evidence, and contends the evidence is insufficient to support the verdict. *Held*:

1. The first enumeration of error asserts that the evidence is insufficient to support the verdict. The appellant advances several arguments why his version of the events and his witnesses' versions should have been believed rather than the State's. That is not within our province. Judging the credibility of witnesses and weighing the evidence are functions within the province of the jury. " '[A]ppellate courts do not weigh the evidence or determine the credibility of the witnesses, but look only to determine if the evidence is sufficient such that a reasonable trier of fact could rationally have found proof of guilt beyond a reasonable doubt.' *Jamison v. State*, 162 Ga. App. 635 (292 SE2d 515) (1982)." *Banks v. State*, 185 Ga. App. 851, 853 (366 SE2d 228). Further, on appeal we are required to view the evidence in the light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (366 SE2d 849).

Reviewing the transcript in a light most favorable to the verdict "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offenses] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257); *Jones v. State*, 185 Ga. App. 595 (1) (365 SE2d 153). Accordingly, the first enumeration is without merit.

2. Appellant contends in his second enumeration of error that the trial judge improperly excluded testimony on the State's objection that the question had been asked and answered. The objection was

based upon the following testimony. The police officer testified that he gave a passenger an alcosensor test, and then was asked if he gave the appellant that test and the officer testified that he did not recall whether he had or not. Then appellant's counsel asked: "You mean you tested the passenger, but you didn't offer a test to the person you're arresting for D.U.I.?" The State objected because the question had been previously asked and answered. Appellant contends now that the refusal of the trial court to allow this line of questioning denied him the right to a thorough and sifting cross-examination. We disagree. " '(T)he scope of cross-examination is not unlimited. That extent necessarily must rest largely within the discretion of the trial judge in order to keep the questioning within reasonable bounds. It is error only when this discretion is abused. [Cits.]' " *Claypool v. State*, 188 Ga. App. 642, 644 (373 SE2d 765). "[W]here a question has been asked of and answered by a witness, the trial court does not unduly limit the right to a thorough cross-examination by disallowing its repetition. [Cits.]" *Fitzgerald v. State*, 166 Ga. App. 307, 310 (304 SE2d 114). We do not find that the trial judge abused his discretion by sustaining the objection to this question. *Sanders v. State*, 181 Ga. App. 117, 121-122 (351 SE2d 666).

3. Appellant's third enumeration of error also concerns the admissibility of evidence and the scope of the trial court's discretion. The appellant wanted to support the appellant's explanation for refusing to take the breath test with testimony from his expert to the effect that not all people tested accurately. The appellant argues that this would show his state of mind at the time. The State's objection to this testimony by the expert on grounds of relevancy was sustained by the trial judge. Relying on *Scott Housing Systems v. Hickox*, 174 Ga. App. 23 (329 SE2d 154), the appellant argues that this testimony was relevant because it tended to logically prove a material fact in issue. We do not agree with this contention.

Review of the transcript shows that the expert planned to give a detailed explanation of his conclusion that the test is inaccurate. We do not see the relevancy of the testimony. The appellant had already testified that he refused to take the test because of his personal experience in prior DUIs and because of some articles he had read but could not identify. The appellant did not identify any readings he had done of this expert's work or otherwise even indicate that he was familiar with the expert's theories. Consequently, the expert's theory was not probative of the appellant's state of mind at the time he refused to take the test. Appellant was not charged with refusing a breath test. The appellant was charged with speeding and with driving under the influence. He makes no contention that his state of mind was relevant to the speeding count, and we do not find that his state of mind was relevant to the DUI count. " ' "(E)vidence is rele-

vant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant." ' " *Harris v. State*, 183 Ga. App. 219, 221 (358 SE2d 634). Since there is no indication that appellant in any way relied upon the expert when refusing to take the test, or that his motive for not taking the test logically tended to prove, disprove, or throw light on any issue in the case, this testimony would not have been relevant. More importantly, this decision rests within the discretion of the trial court and would be reversed only if the discretion was abused. *Butler v. State*, 173 Ga. App. 168 (325 SE2d 835). Under the circumstances we do not find that the trial court abused its discretion. *Palmer v. State*, 186 Ga. App. 892, 899 (369 SE2d 38).

4. Appellant's fourth enumeration of error also asserts that the trial court improperly excluded testimony on relevancy grounds. The first question asked whether it would be possible for one to test .045 or .05 on a blood test yet test higher on a breath test, and whether the expert would recommend that any one take the breath test as it now stands in Georgia. For the reasons discussed in Division 3 above, neither question was relevant, and the trial judge did not err by sustaining the objections to the questions. It was well within the discretion of the trial court to exclude this testimony. This enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 11, 1989.

*Edea M. Caldwell*, for appellant.
*Keith Martin, Solicitor*, for appellee.