A90A0856. SEIDEL v. THE STATE.
(397 SE2d 480)

COOPER, Judge.
Appellant was indicted on three counts — rape, sodomy and child molestation. The rape and sodomy counts involved one victim and the child molestation count involved a second victim. Appellant was acquitted of the rape charge, and was convicted by a jury of sodomy and child molestation. Appellant's motion for an out-of-time appeal was granted, and this appeal followed.

As to the first two counts, the victim at trial testified that she was a friend of appellant's daughter, and in July 1986, when she was 14 years old, she spent the night with her friend at appellant's home. Appellant offered the girls beer, and after drinking approximately four beers, the victim fell asleep on the couch in the family room. The victim was awakened when appellant put his hands between her legs and rubbed her vagina; being afraid, she pretended to sleep. The victim then testified that appellant put his fingers in her vagina and then picked her up and took her upstairs to his daughter's bedroom, where he removed her clothing and locked the door. She stated that appellant then put his mouth on her vagina and had intercourse with her. She testified that she was afraid and continued to pretend to sleep. The next day, the victim accompanied appellant and his daughter to Stone Mountain. That evening, because her parents were away from home, she spent another night with appellant and his family. Several days later, the victim told a friend and the friend's mother what had happened and was then encouraged to tell her own parents. The friend's testimony at trial corroborated the victim's statement, whereas appellant's son and daughter, who were both present the

night in question, testified that the son followed appellant upstairs, and the son testified that he saw appellant put the victim in bed and leave. Appellant's testimony concurred with his children's statements. A gynecologist testified that an examination of the victim revealed a ruptured, but currently healing, hymenal ring. A forensic chemist testified that he found blood on the shorts that the victim said she was wearing but found no seminal fluid on any of the clothing he was provided.

As to the third count, the second victim testified that during April and May 1987, when she was thirteen years old, during the time that she and her family were living with appellant and his family, appellant, on several occasions, approached her when she was asleep and put his finger in her vagina. The victim testified that she delayed telling her mother until after several of the incidents because she wanted to wait until her mother had found other living quarters, and she would not have to return to appellant's house.

1. Appellant first enumerates the sufficiency of the evidence. "Judging the credibility of witnesses and weighing the evidence are functions within the province of the jury." *Lucas v. State*, 192 Ga. App. 231 (1) (384 SE2d 438) (1989). Further, on appeal we are required to view the evidence in the light most favorable to the verdict. Id. After a review of the record and the evidence adduced at trial, we conclude that a rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next asserts that the court erred in failing to give appellant's request to charge on the presumption of innocence. The trial transcript reveals that the court did in fact instruct the jury that every person is presumed innocent until proven guilty. The record further reveals that when the trial court completed its charge and asked for any objections, appellant failed to indicate any objection or dissatisfaction with the charge. " 'Clearly, it is the law of this state, even in criminal cases, that if the trial court asks if there are any objections to the charge given, counsel for the defendant must either state his objections or reserve the right to make such objections on motion for new trial or on appeal or waive any such objections.' [Cits.]" *Henderson v. State*, 182 Ga. App. 513 (3) (356 SE2d 241) (1987). Due to appellant's failure to raise his objection to the charge to the trial court when asked, such objection was waived.

3. Appellant contends, in his last enumeration of error, that the trial court erred in failing to grant appellant's motion to sever counts one and two, involving one victim, from count three, which involved a second victim. Appellant argues that the two incidents occurred at different times, were not part of the same transaction and that appellant was not allowed a fair determination of guilt because the jury

was exposed to the facts surrounding both incidents. When separate offenses have been joined "because they are of the same or similar character where the similarity reaches the level of a pattern evincing a common motive, plan, scheme or bent of mind," or " '[w]here the modus operandi of the perpetrator is so strikingly alike, that the totality of the facts unerringly demonstrate and designate the defendant as the common perpetrator, the offenses may be joined — subject to the right of the defendant to a severance in the interests of justice.' (Cits.)" *Wilson v. State*, 188 Ga. App. 779 (1) (374 SE2d 325) (1988). Severance in these circumstances lies within the discretion of the trial court. Id. All the charges against appellant indicate a pattern of fondling adolescent girls while they were sleeping in appellant's home. The pattern of acts constituted "parts of a single scheme or plan to satisfy the sexual desires of the [appellant]." *Barker v. State*, 191 Ga. App. 451 (6) (382 SE2d 115) (1989). The trial court did not abuse its discretion in denying the motion to sever.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 19, 1990.

*Walter J. Clarke*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.