## S90A1368. STEELE v. THE STATE.
### (400 SE2d 1)

BENHAM, Justice.

After the trial court denied his motion to dismiss and plea in bar, appellant pled guilty to driving under the influence of alcohol to the extent he was a less safe driver (OCGA § 40-6-391 (a) (1)). Pursuant to a stipulation entered into by the parties, appellant brings this appeal in which he contests the constitutionality of OCGA § 40-6-391.[1]

The statute in question reads as follows:

(a) A person shall not drive or be in actual physical control of any moving vehicle while:

(1) Under the influence of alcohol to the extent that it is less safe for the person to drive;
(2) Under the influence of any drug to the extent that it is less safe for the person to drive;
(3) Under the combined influence of alcohol and any drug to the extent that it is less safe for the person to drive; or
(4) The person's alcohol concentration is 0.12 grams or more at any time within three hours after such driving or being in actual physical control ended.

(b) The fact that any person charged with violating this Code section is or has been legally entitled to use a drug shall not constitute a defense against any charge of violating this Code section; provided, however, that such person shall not be in violation of this Code section unless such person is rendered incapable of driving safely as a result of using a drug other than alcohol which such person is legally entitled to use.

Appellant contends the statute violates the Sixth Amendment to the U. S. Constitution by failing to fully and fairly inform the accused of the nature and cause of the accusation against him. Appellant maintains that subsection (b) renders the statute vague by mandating guilt only for a DUI defendant rendered incapable of driving safely as a result of the legal use of a drug other than alcohol.

---

[1] The predecessor statute was held constitutional in *Cargile v. State*, 244 Ga. 871 (262 SE2d 87) (1979).

A fundamental requirement of a criminal statute is that it gives "fair warning" of what conduct is criminal. Further, it must not be so vague, uncertain or ambiguous as to make it [probable] that ordinary people of equal intelligence could misconstrue its meaning. [*King v. State*, 246 Ga. 386 (2) (271 SE2d 630) (1980).]

We disagree with appellant's argument and conclude that the statute, when read in its entirety, does not violate the Sixth and Fourteenth Amendments to the U. S. Constitution. Subsection (a) sets forth the proscribed conduct and makes "less safe" the uniform standard of impairment; subsection (b) provides for an exception to that standard: if one is under the influence of a drug other than alcohol, which drug one is legally entitled to use, one is driving under the influence if he/she "is rendered incapable of driving safely as a result of using [that] drug. . . ." Thus, subsection (b) places upon the State a greater burden of proof when a driver is found to be under the influence of a drug other than alcohol that the driver is legally entitled to use. Appellant's attack on OCGA § 40-6-391 is based upon reading the second clause of subsection (b) as an independent defense to the crime of driving under the influence. However, that clause is an integral part and continuation of the first clause of subsection (b), and cannot be read separately therefrom. Inasmuch as it is clear what the statute as a whole prohibits, the statute is not unconstitutionally vague (*Rozier v. State*, 259 Ga. 399 (1) (383 SE2d 113) (1989)), and the trial court did not err in denying appellant's motion to dismiss and plea in bar.

*Judgment affirmed. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge Faye S. Martin concur; Weltner, J., not participating.*

DECIDED JANUARY 15, 1991 —
RECONSIDERATION DENIED FEBRUARY 25, 1991.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III,* for appellant.
*Griffin E. Howell III, Solicitor,* for appellee.