A90A2300. HARRIS v. THE STATE.
(405 SE2d 501)

BANKE, Presiding Judge.

The appellant was convicted in probate court of the offense of driving with an alcohol concentration of .12 grams or more, in violation of OCGA § 40-6-391 (a) (4). He appealed to superior court, which, pursuant to OCGA § 40-13-28, made a "de novo" determination, based on a review of the record certified from the probate court, that the appellant was guilty of the offense. This appeal followed. *Held*:

1. The appellant contends that "[t]he trial court erred in overruling [his] motion to dismiss and plea in bar because OCGA § 40-6-391, as amended by subsection (b), thereof fails to fully and fairly inform the accused of the nature and cause of the accusation against him in violation of the rights guaranteed by the 6th Amendment to the United States Constitution. . . ." While the transcript of the probate court proceedings shows that a motion to dismiss and a plea in bar were made and denied in that court, there is no copy of any such motion or plea in the record. However, even assuming arguendo that the appellant's constitutional challenge to OCGA § 40-6-391 was raised in the probate court, it was without merit. In *Steele v. State,* 260 Ga. 835, 836 (400 SE2d 1) (1991), the Georgia Supreme Court rejected an identical challenge to the statute, holding that "[i]nasmuch as it is clear what the statute as a whole prohibits, the statute is not unconstitutionally vague."

2. The appellant contends that the trial court erred in denying his motion to quash the accusation on the ground that it was not prepared on a uniform traffic citation properly approved for use by the Commissioner of the Department of Public Safety. The appellant asserts that the citation was defective because it omitted the following

items required by Department of Safety Rule 470-19-.01: (1) The class of license held by the accused, (2) a space for "commercial vehicle information," and (3) a notice that "pursuant to Georgia Code [17]-6-11 if a driver's license is surrendered in lieu of cash, a copy of the citation shall serve as a temporary driver's license. . . ." Inasmuch as there is no suggestion that the appellant was misled or prejudiced in his ability to present a defense because of these alleged deficiencies in the citation, we hold that the trial court did not err in overruling the motion to quash the accusation. See generally *DePalma v. State*, 225 Ga. 465 (3) (169 SE2d 801) (1969). The case of *Hyatt v. State*, 134 Ga. App. 703 (2) (215 SE2d 698) (1975), does not require a different result, as the citation at issue here meets the requirement imposed in that case that a uniform traffic citation must be on a form developed by the Director of the Department of Public Safety in order to serve as an accusation.

3. The appellant contends that the trial court erred in admitting the results of the breathalyzer test which was administered to him following his arrest, "because the stop of [his] automobile was pretextual without specific and articulable suspicion that [he] was committing a crime." Although the appellant asserts that the probate court denied a "motion to suppress and motion in limine" seeking the exclusion of the test results on this ground, the record before us contains no such ruling; and the trial transcript reveals that no such objection was made to the admissibility of the test results at the time they were offered. Rather, the appellant waited until the state had rested its case to seek a ruling on this objection, at which time he moved "for a directed verdict with regard to the motion to suppress."

The rule barring the admission of evidence obtained in violation of the accused's rights under the Fourth Amendment "is only an exclusionary rule and does not affect the competence of evidence admitted without timely challenge. [Cit.]" *Graves v. State*, 135 Ga. App. 921 (219 SE2d 633) (1975). We hold that by failing to elicit a ruling on his motion to suppress the test results until after the state had rested its case, the appellant waived his Fourth Amendment objection to the admissibility of this evidence.

4. The appellant further contends that the breathalyzer test results should have been excluded because it was not shown that the test was conducted in accordance with methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation, as required by OCGA § 40-6-392 (a) (1). See generally *Dotson v. State*, 179 Ga. App. 233 (345 SE2d 871) (1986). The officer who performed the test testified that he was certified to operate the machine, and that he had conducted the customary pretest procedures before administering the test. There was also testimony that the machine, an Intoximeter 3000, was periodically serviced. Thus, appellant's conten-

tion that the state did not lay a proper foundation is without merit. Accord *Broski v. State*, 196 Ga. App.. 116 (395 SE2d 317) (1990). " 'The defendant's challenge to the reliability of the test results did not affect their admissibility under these circumstances, but went merely to the weight to be placed on them by the jury.' [Cit.]" *Dotson*, supra, 233. Accord *Burks v. State*, 195 Ga. App. 516 (2) (a) (394 SE2d 136) (1990).

5. The appellant contends that the trial court erred in overruling his motion for directed verdict of acquittal, because the testing officer did not testify that the reading of .18 returned by the intoximeter machine was an indication of blood-alcohol content but instead testified that the machine "measures the breath." We find this contention to be without merit. The officer testified that the intoximeter machine "registered .18 grams percent." Construed in favor of the verdict, this evidence, combined with the other evidence introduced at trial, was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant was guilty of driving with an "alcohol concentration [of] 0.12 grams or more," in violation of OCGA § 40-6-391 (a) (4). See OCGA § 40-1-1 (1); *Brannan v. State*, 261 Ga. 128 (401 SE2d 269) (1991). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

ON MOTION FOR REHEARING.

The appellant contends on motion for rehearing, for the first time, that because no written waiver of his right to trial by jury appears in the record transmitted to this court, we must presume that no such waiver was obtained from him. He further contends that the jurisdiction of the probate court was contingent upon its obtaining such a waiver and that its judgment must consequently be considered a nullity, notwithstanding his failure to raise the asserted defect previously. See OCGA § 40-13-23 (a); *Snellings v. State*, 194 Ga. App. 552, 553 (391 SE2d 36) (1990).

While the document itself is not contained in the record before us, it is evident from the transcript of the probate court proceedings that the appellant did in fact sign a jury trial waiver in open court prior to the commencement of the trial. Following a brief discussion of the need for such a waiver, the appellant's counsel presented him with the document and instructed him to sign it, telling him, "This says that you are waiving your right to a trial by jury, and you're going to allow Judge Hamby to hear the case today." The following parenthetical notation appears immediately thereafter in the transcript: "Thereupon, the defendant signed the waiver." Thus, contrary to the appellant's assertion, the record before us does in fact show

that the probate court acquired jurisdiction of the case pursuant to OCGA § 40-13-23 (a).

*Motion for rehearing denied.*

DECIDED MARCH 8, 1991 —
REHEARING DENIED MARCH 29, 1991.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.