## S91A0614. HUDSON v. THE STATE.
### (405 SE2d 495)

Hunt, Justice.

John A. Hudson was convicted in probate court in Upson County of driving under the influence of alcohol. His conviction was affirmed by the superior court. He appeals raising the constitutionality of OCGA § 40-6-391 (b), the trial court's refusal to quash the accusation, admission of the results of the Intoximeter 3000, and failure to direct a verdict of acquittal. We affirm.

An Upson County deputy sheriff stopped the defendant in his car because one headlight was out. The defendant was unable to stand on his own, emitted a strong odor of alcohol, and had glassy, bloodshot eyes. His blood alcohol level on the Intoximeter 3000 measured .17 grams.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of driving under the influence of alcohol beyond a reasonable doubt. OCGA § 40-6-391 (a) (4). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It follows that the trial court did not err in failing to direct a verdict of acquittal.

2. The defendant's argument that OCGA § 40-6-391 (b), requiring proof that a person driving under the influence of a drug the person is legally entitled to use other than alcohol, is unconstitutionally vague has been decided against the defendant in *Steele v. State*, 260 Ga. 835 (400 SE2d 1) (1991). Compare *Proo v. State*, 192 Ga. App. 169 (384 SE2d 197) (1989).

3. While the Uniform Traffic Citation issued to the defendant was not the form then in use, the citation showed on its face that it had been approved by the Commissioner of Public Safety as required by OCGA § 40-13-1. Compare *Hyatt v. State*, 134 Ga. App. 703, 705 (215 SE2d 698) (1975). Minor deficiencies do not render an accusation void. *Pryor v. State*, 182 Ga. App. 79 (1) (354 SE2d 690) (1987); *Miller v. State*, 182 Ga. App. 700, 701 (356 SE2d 900) (1987).

4. The defendant's challenge to the admissibility of the results of the Intoximeter 3000 is controlled adversely to him by *Lattarulo v.*

*State*, 261 Ga. 124 (401 SE2d 516) (1991).
*Judgment affirmed. All the Justices concur.*

DECIDED JULY 3, 1991.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.
*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.