## A90A2291. BROWN v. THE STATE.
(414 SE2d 505)

COOPER, Judge.
While conducting an arson investigation, an officer of the Upson

County Sheriff's Department spotted a van which matched the description of a vehicle sought in connection with a series of arson fires. The van was parked on a county road, and appellant was seated in the van talking with firemen and a state trooper. The officer instructed a deputy to have the van pull over on the side of the road. Appellant obliged the deputy, drove off the roadway and got out of the vehicle. The officer detected a strong odor of alcohol about appellant's body; appellant's speech was loud, and his eyes had a glazed appearance. An alco-sensor test was administered at the roadside, and appellant was arrested for driving under the influence. Appellant was taken to the sheriff's department to be tested on an intoximeter; however, because the machine was inoperative, he was taken to the Thomaston Police Department for testing. Appellant's breath sample registered .20 grams percent alcohol on the intoximeter. Appellant was convicted of driving under the influence of alcohol in probate court and brings this appeal from the adjudication of guilt by the superior court pursuant to OCGA § 40-13-28.

1. Appellant contends that the trial court erred in overruling his motion to dismiss and plea in bar because OCGA § 40-6-391 (b) fails to fully and fairly inform the accused of the nature and cause of the accusation against him in violation of the Sixth Amendment and the due process clause of the United States Constitution. This issue has been decided adversely to appellant's argument by the Georgia Supreme Court in *Steele v. State*, 260 Ga. 835, 836 (400 SE2d 1) (1991).

2. Appellant enumerates as error the trial court's failure to quash the accusation on the ground that it was not a uniform traffic citation approved for use by the Commissioner of the Department of Public Safety. Appellant contends the citation was defective because it was not identical to Department of Public Safety Form DPS-32 and it omitted the class of license of the accused, a space for "commercial vehicle information" and a notice that "[p]ursuant to Georgia Code [17]-6-11 if a driver's license is surrendered in lieu of cash, a copy of the citation shall serve as a temporary driver's license . . ." as required by the Department of Public Safety Rule 570-19-.01. "Inasmuch as there is no suggestion that the appellant was misled or prejudiced in his ability to present a defense because of these alleged deficiencies in the citation [and the citation indicates on its face that it was 'AUTHORIZED AND APPROVED PURSUANT TO CODE 40-13-1 D.P.S. Reg. 570.19'], we hold that the trial court did not err in overruling the motion to quash the accusation. [Cit.]" *Harris v. State*, 199 Ga. App. 457, 458 (2) (405 SE2d 501) (1991).

3. Appellant also contends the breathalyzer test results should have been excluded because the evidence did not demonstrate that the test was conducted in a scientifically reliable manner. This contention was expressly rejected by our Supreme Court in *Lattarulo v.*

*State*, 261 Ga. 124 (3) (401 SE2d 516) (1991). The court held that "Intoximeter 3000 machine test results are based on accepted scientific theory or 'rest upon the laws of nature'; and, when the statutory requirements for admissibility are met, the results may be admitted into evidence without expert testimony regarding the scientific theory behind the operation of the test." Id. at 127.

Appellant also maintains that the results of the breathalyzer test should have been excluded because the evidence did not establish that the test was conducted in accordance with the methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation in several respects. Appellant argues that the evidence did not establish that the design of the Intoximeter 3000, used to test appellant, was approved by the Division of Forensic Sciences pursuant to OCGA § 40-6-392 and that the operator was familiar with the inner workings of the machine. The Intoximeter 3000 was specifically approved by the Director of Forensic Sciences as indicated by Georgia Bureau of Investigation Rule 92-3-.06 (5), which provides, "Breath tests other than the original screening may be conducted on a . . . Intoximeter Breathanalyzer Model 3000 (3000). The Director of the Division of Forensic Sciences will approve the design of *any other* type of breath analyzer used in the State, not already specifically approved under this Rule." (Emphasis supplied.) The evidence established that an Intoximeter 3000 was used; therefore, no further proof of approval of the machine's design was necessary, nor was it necessary that the operator "have an expert's knowledge of the underlying scientific principles governing the functioning of the machine." *Dotson v. State*, 179 Ga. App. 233, 234 (2) (345 SE2d 871) (1986).

Appellant also contends that because the operator's testimony established that the "20 minute rule" was not observed before he underwent the breathalyzer test, the test results should have been excluded. The operator testified that it is customary to allow the passage of 20 minutes after the violation before administering a breathalyzer test to allow for the evaporation of mouth alcohol. However, the testimony reveals that although the operator did not personally observe appellant for 20 minutes prior to administering the test, he proceeded with the test after having been assured by the arresting officer that the officer had observed appellant for over 20 minutes prior to the test. Furthermore, we find no merit in appellant's contention that the test results should have been excluded because the citation indicated that the arrest occurred on December 3, 1989, while the test was administered on December 5, 1989, and therefore not within three hours of his driving pursuant to OCGA § 40-6-391 (a) (4). The testimony of the arresting officer and the operator amply demonstrated that the arrest occurred on December 5, 1989 and that the test was administered within the three-hour period.

4. Finally, appellant enumerates as error the trial court's denial of his motion for a directed verdict of acquittal. The evidence, considered in the light most favorable to the judgment of the trial court sitting as trier of fact, was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). There was no error in the denial of appellant's motion for directed verdict.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED DECEMBER 3, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.