A92A0885. KING v. THE STATE.
(423 SE2d 429)

JOHNSON, Judge.
Michael King was convicted of driving under the influence of alcohol, failure to maintain lane and driving with an expired tag. He appeals from the conviction and the denial of his motion for a new trial.

1. King contends that the trial court erred in ruling that testi-

mony as to King's reputation for sobriety was irrelevant and therefore not admissible. King claims that testimony as to a criminal defendant's reputation for a specific character trait is admissible where the nature of the case puts that character trait into issue. King, however, has cited no authority holding that testimony as to a defendant's reputation for sobriety is relevant in a case of driving under the influence of alcohol, failure to maintain lane and driving with an expired tag. "Evidence is relevant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant." (Citation and punctuation omitted.) *Lucas v. State*, 192 Ga. App. 231, 233-234 (3) (384 SE2d 438) (1989). King's reputation for sobriety has absolutely no relevance to the charges of failure to maintain lane and driving with an expired tag.

King was also convicted under OCGA § 40-6-391 (a) (1) of driving under the influence of alcohol to the extent that he was a less safe driver. King did not contest the allegation that he was under the influence of alcohol while driving; King admitted that he drank alcohol prior to driving his automobile on the night of his arrest. His sole defense was that he was not under the influence of alcohol to the extent that he was rendered a less safe driver. King's reputation for sobriety is irrelevant because it does not tend to prove or disprove whether King's alcohol consumption on the night in question rendered him a less safe driver. Accordingly, we find that the trial court did not abuse its discretion in disallowing this evidence. *Lucas v. State*, supra at 234.

2. King also asserts that there was insufficient evidence to support his conviction. This assertion is without merit.

The arresting officer testified that he saw King's automobile swerve over the centerline of the road three times. The officer attempted to stop King, at which point King accelerated and drove to the entrance of his apartment complex. King had a strong odor of alcohol on his breath and failed several field sobriety tests. King testified that he drank four-and-a-half beers over a three-hour-and-fifteen-minute period prior to driving his automobile and that this alcohol consumption did not impair his ability to drive. King also admitted that he had a prior conviction for driving under the influence of alcohol. The State presented evidence that the tag on King's automobile was expired. A defense witness testified as to King's reputation for good character and truthfulness. King claimed that his alcohol consumption prior to his arrest did not render him a less safe driver. Reviewing the evidence in the light most favorable to the jury's decision, we find that a rational trier of fact could have found King guilty beyond a reasonable doubt of driving under the influence of alcohol, failure to maintain lane and driving with an expired tag.

*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1992 —
RECONSIDERATION DENIED OCTOBER 16, 1992 — 

*Spruell & Dubuc, Billy L. Spruell, Brian M. Dubuc*, for appellant.

*Patrick H. Head, Solicitor, Victoria Aranow, Assistant Solicitor*, for appellee.