## A93A0954. RINDONE v. THE STATE.
(437 SE2d 338)

McMURRAY, Presiding Judge.

Defendant, a police officer and attorney, was accused of driving under the influence ("DUI") in that (1) he was in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe to drive and (2) he did have an alcohol

concentration of 0.10 grams or more at a time within three hours after being in actual physical control of a moving vehicle. Defendant was also accused of making an improper turn. Following a jury trial, defendant was convicted on all charges. He was sentenced to serve 12 months in confinement for driving under the influence. He was also sentenced to serve a consecutive 12-month sentence for making an improper turn. However, the latter sentence was probated on condition that defendant participate in an alcohol treatment program.

Defendant appeals and asserts seven enumerations of error. *Held*:

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of the offenses of driving under the influence and making an improper turn beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *King v. State*, 205 Ga. App. 825, 826 (2) (423 SE2d 429).

2. During the presentation of defendant's case, defendant testified, on direct examination, that he had been drinking beer on the night in question; that a client offered to drive his car to a restaurant; that he was lying down in the back seat when the arresting officer spotted the car; that he did not know where his client went after the car was brought to a stop; but that he had not been driving the car. (This testimony was contradicted by the arresting officer who positively identified defendant as the driver of the car.)

Thereafter, on cross-examination, the assistant solicitor asked defendant if he ever arrested a suspect for DUI when he was not sure that he or she was actually driving. Defendant said there were times when he was not sure who was driving because he lost sight of the car. Then the assistant solicitor asked defendant if he ever arrested someone for DUI who came into court with a different story than he or she had before. Defendant answered affirmatively. The assistant solicitor next asked if it was "common" for a defendant to "tell you one thing at the scene and then come in and say someone else was driving?" At that point, defendant objected to "the entire relevance of this line of questioning." The objection was overruled and defendant gave a lengthy, but unresponsive, answer to the question. Defendant asserts the trial court erred in overruling his objection.

We find no error. "An objection to evidence on the ground that it is irrelevant . . . is 'entirely too vague and general to present any question for determination by the trial court, and the overruling of this objection did not constitute reversible error. (Cits.)' [Cit.]" *Croom v. State*, 165 Ga. App. 676, 677 (3) (302 SE2d 598). See also *Briard v. State*, 188 Ga. App. 490, 493 (4) (373 SE2d 239); *Prothro v. State*, 186 Ga. App. 836, 838 (4) (368 SE2d 793).

Even if it could be said that the trial court erred in overruling defendant's objection, we would find such an error to be harmless. "[T]he '(a)dmission of irrelevant evidence is not a ground for reversal

unless it can be shown the evidence was prejudicial. (Cit.)' [Cit.]" *White v. State*, 174 Ga. App. 699, 700 (331 SE2d 72). Defendant has not made such a showing in this case.

3. The trial court did not err in permitting the State to introduce similar transaction evidence. "[I]t appears that, standing alone, the face of the prior [citation] would be sufficient to demonstrate similarity to [the crime] for which [defendant] was being tried. [Cits.] Unlike assault or robbery or other crimes against the person or property of a victim and which can be committed under varying factual circumstances, the crimes of driving after having been declared an habitual violator and driving under the influence are essentially committed under the same factual circumstances. The type of vehicle driven or the degree or source of intoxication may vary, but it is the simple act of driving while having the status of an habitual violator or while under the influence that establishes the commission of those crimes. A prior act of driving while having that status or while in that condition would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct. [Cits.]" *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638).

4. The trial court determined that defendant was not in custody when he admitted that he was driving the car after all. The trial court's determination was not clearly erroneous and it will not be disturbed on appeal. *Magher v. State*, 199 Ga. App. 508, 509 (5) (405 SE2d 327).

5. The trial court did not err in refusing to give defendant's requests to charge nos. 1, 5, and 7.

6. We find no error in the trial court's charge. The trial court did not express an opinion as to what had or had not been proved by the State when it charged the jury that Intoximeter 3000 machine test results are based on accepted scientific principles, see *Brown v. State*, 202 Ga. App. 371, 372 (3) (414 SE2d 505), and that Georgia does not require an intoximeter operator to wait 20 minutes before administering an intoximeter breath test. See *State v. Richardson*, 186 Ga. App. 888 (368 SE2d 825).

7. Because OCGA § 40-1-1 (1) assumes that a defendant's blood-air ratio is 1 to 2,100, defendant contends the trial court erred in charging the statutory definition of alcohol concentration. In this connection, defendant points to expert testimony to the effect that the ratio pertains to the average defendant and can vary up or down with regard to a particular defendant. See generally *Clay v. State*, 193 Ga. App. 377 (387 SE2d 644). By sticking to the statutory definition, defendant contends, the trial court created an irrebuttable evidentiary presumption (see *Gilbert v. State*, 262 Ga. 840, 841 (2) (426 SE2d 155)) and impermissibly expressed its opinion as to what had been proven (see OCGA § 17-8-57). We disagree. The trial court charged

the jury that it could give the breath test results the weight that it deemed fit, including no weight at all.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 13, 1993 —
RECONSIDERATION DENIED OCTOBER 26, 1993

*Virgil L. Brown & Associates, Bentley C. Adams III*, for appellant.

*Keith C. Martin, Solicitor, Leigh A. Moore, Assistant Solicitor*, for appellee.